PETER C. LAGARIAS (SBN 77091)
LAGARIAS LAW OFFICES
1629 Fifth Avenue
San Rafael, California 94901-1828
Telephone: (415) 460-0100
Facsimile: (415) 460-1099

Attorneys for Plaintiffs and Cross-Defendants English
& Sons, Inc., Cole English, Donna English, Pizza
Pierates, LLC, Formatts Enterprise, LLC, Mehrok
Food, Inc., Mostafa Sehhat, Olga Sehhat, Straw Hat
IP Holdings, LLC and Straw Hat Cooperative
Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGLISH & SONS, INC., a California Corporation, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> STRAW HAT RESTAURANTS, INC., a California Corporation; *et al.* <br><br> Defendants, <br><br>———————————————————— <br><br> and RELATED COUNTER-CLAIMS. <br>———————————————————— | CASE NO.    3-15-CV-01382-LB <br><br> **COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD, SIXTH, EIGHTH, TENTH AND TWELFTH CAUSES OF ACTION OF COUNTER-DEFENDANTS' THIRD AMENDED AND SUPPLEMENTAL COUNTER-COMPLAINT** <br><br> **(Fed. R. Civ. Pro. 12(b)(6))** <br><br> **Date:   June 18, 2015** <br> **Time:   9:30 a.m.** <br> **Ctrm:   C, 15th Floor (Hon. Laurel Beeler)** |

TO ALL COUNTER-COMPLAINANTS AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 18, 2015, at 9:30 a.m. or as soon thereafter as this

matter may be heard, in Courtroom C of the above-entitled Court, located at 450 Golden Gate

Avenue, San Francisco, California, before the Honorable Laurel Beeler, Plaintiffs and Counter-

Defendants English & Sons, Inc., Cole English, Donna English, Pizza Pierates, LLC, Formatts

Enterprise, LLC, Mehrok Food, Inc., Mostafa Sehhat, Olga Sehhat, Straw Hat IP Holdings, LLC,

and Straw Hat Cooperative Corporation will, and hereby do, move the Court pursuant to Federal

Rules of Civil Procedure Rule 12(b)(6) for an order dismissing the Third, Sixth, Eighth, Tenth

and Twelfth causes of action of the Third Amended and Supplemental Counter-Complaint of

1  Counter-Claimants Straw Hat Restaurants, Inc., and Straw Hat Cooperative with prejudice.

2      This motion is made on the grounds that each of the above listed causes of action fails to state

3  a claim upon which relief can be granted, including failing to state facts required for relief for

4  breach of non-compete contract provisions, breach of the Lanham Act, 15 U.S.C. §§ 1114, and

5  1125, and breach of the California Unfair Competition Law, Business & Professions Code §

6  17200, all as more fully set forth in the accompanying memorandum. This motion is based on this

7  notice of motion and motion; the attached memorandum of points and authorities, the pleadings,

8  records, and papers on file in this action, and all other matters properly before this Court.

9  DATED: May 12, 2015                    LAGARIAS LAW OFFICES

10

11

12                                        By:    /s/ Peter C. Lagarias_____
                                               Peter C. Lagarias, Esq.
13                                        Attorneys for Plaintiffs and Cross-Defendants
                                          English & Sons, Inc., Cole English, Donna English,
14                                        Pizza Pierates, LLC, Formatts Enterprise, LLC,
                                          Mehrok Food, Inc., Mostafa Sehhat, Olga Sehhat,
15                                        Straw Hat IP Holdings, LLC, and Straw Hat
                                          Cooperative Corporation

# TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................7

II.     CASE BACKGROUND ........................................................................................7

    A.      Factual Background .........................................................................7

    B.      Procedural History ..........................................................................9

        1.      The Third Amended Complaint. ..................................................9

        2.      The Third Amended and Supplemental Counter-Complaint ....................10

III.    LEGAL ARGUMENT ........................................................................................10

    A.      Standards for Motions to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ..............................................................10

    B.      The Third Cause Of Action (For Breach Of The Covenant Not To Compete) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim......................................12

        1.      Counter-Defendants Have Not Breached The Non-Compete Covenant ...................................................................12

        2.      Covenants Against Competition Are Not Enforceable Under California Law ...........................................................13

    C.      The Sixth Cause Of Action (For Trademark Infringement Under 15 U.S.C. 1114(1)(A)) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim......................................14

        1.      SHRI Lacks Standing To Bring A Claim Under § 1114............................15

    D.      The Eighth Cause Of Action (For False Designation Of Origin Under 15 U.S.C. 1125(a)(1)(A)) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim ....................16

    E.      The Tenth Cause Of Action (For Trademark Dilution Under 15 U.S.C. 1125(c)) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim......................................18

    F.      The Twelfth Cause of Action (Unfair Competition Under Business & Professions Code § 17200) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim ...........................................................19

        1.      The TACC Does Not Plead Sufficient Facts to Allege a Claim for an  Unlawful Act or Practice in Violation of the UCL .............................19

        2.      The TACC Does Not Plead Sufficient Facts to Allege a Claim Under the Fraudulent Act or Practice in Violation of the UCL ................20

Counterdefendants' 12(b)(6) Motion, English & Sons, Inc. v. Straw Hat Restaurant, Inc., No. 3-15-cv-01382-LB

3.      The TACC Does Not Plead Sufficient Facts to Allege a Claim for
an Unfair Act or Practice in Violation of the UCL .....................................21

IV.      CONCLUSION ...............................................................................................................22

Counterdefendants' 12(b)(6) Motion, English & Sons, Inc. v. Straw Hat Restaurant, Inc., No. 3-15-cv-01382-LB

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

*AccuImage Diagnostics Corp v. Terarecon, Inc.*,
260 F.Supp.2d 941 (N.D. Cal. 2003) ...............................................................................20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .........................................................................................................11

*Avedisian v. Mercedes-Benz USA, LCC*,
43 F.Fupp.3d 1071 (C.D. Cal. 2014)................................................................................20

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1988)............................................................................................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .........................................................................................................11

*Berni v. International Gourmet Restaurants of America, Inc.*,
838 F.2d 642 (2d Cir. 1988)..............................................................................................16

*Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg., Inc.* 510 F.2d
1004, 1009-1010 (5th Cir. 1975)......................................................................................15

*Capella Photonics, Inc. v. Cisco Systems, Inc.*,
2014 WL 8097683, at *11 (N.D. Cal., Dec. 23, 2014, C-14-3348 EMC) ..............................21

*Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal.4th 163 (1999) ......................................................................................................21

*Edwards v. Arthur Andersen LLP*
44 Cal.4th 937 (2008) ......................................................................................................14

*Informix Software, Inc. v. Oracle Corp.*,
927 F. Supp. 1283 (N.D. Cal. 1996) .................................................................................11

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005)...........................................................................................11

*Levitt v. Yelp! Inc.*,
765 F.3d 1123 (9th Cir. 2014)...........................................................................................21

*Panavision Intern., L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998)...........................................................................................18

*Perez v. Wells Fargo Bank, N.A.*,
929 F.Supp.2d 988 (N.D. Cal. 2013) ...............................................................................19

*Rockridge Trust v. Wells Fargo, N.A.*,
985 F.Supp.2d 1110 (N.D. Cal. 2013) .............................................................................19

*Roto-Rooter Corp. v. O'Neal*,
513 F.2d 44 (5th Cir. 1975)..............................................................................................17

*Salahuddin v. Cuomo*,
    861 F.2d 40 (2nd Cir. 1988) ................................................................................11

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006)...........................................................................18


**STATUTES**

15 U.S.C. § 1114 ....................................................................................................15

15 U.S.C. § 1116 ....................................................................................................15

15 U.S.C. § 1125 .............................................................................................passim

Bus. & Prof. Code § 16600 ............................................................................12, 13

Bus. & Prof. Code § 16601 ...................................................................................13

Bus. & Prof. Code § 16602 ...................................................................................13

Bus. & Prof. Code § 17200 ................................................................2, 7, 19, 20


**OTHER AUTHORITIES**

*Black's Law dictionary*, First Ed., 1979.........................................................15

*S.C. Wright & A. Miller, Federal Practice and Procedure* §1281, at 365 (1969),........................11


**RULES**

Fed. R. Civ. Pro. Rule 12 ...........................................................................1, 10, 11

Fed. R. Civ. Pro. Rule 8 ........................................................................................11

Fed. R. Civ. Pro. Rule 9 ........................................................................................20

Counterdefendants' 12(b)(6) Motion, English & Sons, Inc. v. Straw Hat Restaurant, Inc., No. 3-15-cv-01382-LB

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs and Counter-Defendants English & Sons, Inc., Cole English, Donna English, Pizza Pierates, LLC, Formatts Enterprise, LLC, Mehrok Food, Inc., Mostafa Sehhat, Olga Sehhat, Straw Hat IP Holdings, LLC and Straw Hat Cooperative Corporation submit this Memorandum in support of their motion to dismiss the Third, Sixth, Eighth, Tenth and Twelfth Causes of Action of the Third Amended and Supplemental Counter-Complaint ("TACC").

I.    Introduction And Summary Of Argument

The TACC contains claims against most or all of the Counter-Defendants for breach of contract, violations of the Lanham Act, and unfair competition under Section 17200 § of the California Business & Professions Code. Counter-defendants move to dismiss the Third, Sixth, Eighth, Tenth and Twelfth Causes of Action on the grounds that none of these claims contain allegations of facts sufficient to constitute a valid claim for relief.  The Third Cause of Action, for breach of the covenant against competition, does not allege acts in breach of the terms of the provision set out in the Membership Agreement attached to the TACC. With regard to the Lanham Act claims, the Sixth, Eighth and Tenth Causes of Action, the TACC alleges that counter-defendants are licensed to use the Straw Hat trademarks, and does not allege uses of the trademarks which are either not authorized under the licenses or which constitute violations of the Lanham Act provisions specified. With regard to the unfair competition claim, the Twelfth Cause of Action, the TACC does not allege facts which state the elements of a claim under any of the three provisions of California's Unfair Competition Law. The listed claims should be dismissed.

II.    Case Background

A.    Factual Background

This action involves a dispute over the ownership of the trademarks related to the Straw Hat Pizza system and other claims including breach of fiduciary duties by defendants. Prior to 2008, all Straw Hat Pizza restaurants were operated by members of the Straw Hat Cooperative Corporation ("SHCC"), a not for profit California consumer cooperative, which was the successor

to the former franchisor of the Straw Hat Pizza system. Long before 2008, SHCC had received ownership of the Straw Hat Pizza intellectual property, including trademarks, copyrights, and proprietary information. In June of 2011, a majority of SHCC's members voted to accept a proposal put forward by the then Board of Directors to convert their individual businesses from SHCC cooperative members to franchisees licensed by Straw Hat Restaurants, Inc. ("SHRI").

The former SHCC Board's 2011 plan offered SHCC members inducements for leaving the SHCC cooperative and becoming SHRI franchisees. By January 2012, thirty-one cooperative members had signed SHRI franchise agreements, and were operating their restaurants as franchises rather than as SHCC coop members. Only the Plaintiffs and Counter-Defendants did not sign franchise agreements and continued to operate their six Straw Hat restaurants under their existing SHCC Membership Agreements. Since 2011, following their conversion to SHRI franchisees, the former Board members and the other converters have paid royalties to SHRI instead of paying assessments to SHCC.

The bylaws of SHCC, which are attached as Exhibit B to the TACC, provide that SHCC members who convert their restaurants to franchises are no longer members of SHCC:

> A Member may sell, transfer or convert a restaurant into a Franchise.  If the Member chooses to convert the store into Franchise, then such action will cause that Member to lose that share of the Corporation associated with that restaurant.
> [TACC Exhibit B, p. 13]

In May of 2012, Plaintiffs as the sole remaining members of SHCC (*i.e.*, who had not converted to SHRI franchisees) noticed a meeting and unanimously voted themselves as the Directors in place of the individual Defendants who, having converted to franchisees, were no longer members of SHCC. In addition, the Plaintiffs unanimously agreed to dissolve SHCC, and in June of 2012, filed a notice of dissolution with the California Secretary of State, which Defendants had never done. Following that meeting, in June of 2012, Plaintiffs also created a new entity, Straw Hat IP Holdings, LLC ("SHIP"), to hold the Straw Hat intellectual property. SHCC's intellectual property was then transferred to SHIP and an assignment of the SHCC trademarks filed with the United States Patent and Trademark Office.

Despite the May 2012 Directors' election, Counter-Claimants and the former Board members (individual Defendants Eason, Listek, Morris, Rupp and Wise) continue to assert that they are SHCC's Board. To the contrary, Plaintiffs, as now the remaining members of SHCC and its Board, properly seek relief on SHCC's behalf.

B.     Procedural History

The original Complaint was filed in October, 2011. Due to changing status, and following delays to pursue settlement including mediation, the Complaints and Cross-Complaints have been amended. The current pleadings are the Third Amended Complaint, and the newly filed Third Amended and Supplemental Counter-Complaint which is the subject of this motion to dismiss

After the May 2012 Board election, Defendants and Counter-Claimants moved for a preliminary injunction prohibiting Plaintiffs from taking any actions as the Board of SHCC. The preliminary injunction was granted based on the misrepresentation in a single reply declaration that the 31 former SHCC members who had converted to SHRI franchisees were still members of SHCC. After obtaining documents and taking multiple depositions, Plaintiffs presented evidence to support a motion to vacate the preliminary injunction on the basis that the facts used to obtain the preliminary injunction were false, including evidence establishing that the 31 former members of SHCC were no longer members of SHCC. Plaintiff's motion was granted in December 2014, on the ground that Plaintiffs had demonstrated that Defendants were not likely to prevail in their dispute of Plaintiffs' actions at the May 2012 shareholders' meeting.[1] Plaintiffs thereafter filed their Third Amended Complaint, adding claims for trademark infringement, on which basis Defendants removed the action. Along with their Notice of Removal, Defendants attempted to file a Third Amended Cross-Complaint, which was rejected by the Clerk of the Superior Court. That pleading, retitled herein Third Amended and Supplemental Counter-Complaint or TACC is the subject of this Motion to Dismiss.

1.     The Third Amended Complaint.

Plaintiffs filed the Third Amended Complaint in February, 2015.  The Third Amended

---

[1] Plaintiffs intend to file a Rule 56 motion for summary adjudication, including of the Sixteenth Cause of Action, for judgment that they are the proper Board of Directors of SHCC.

Complaint alleges that SHCC's former Board breached their fiduciary duties to SHCC and its members by self-dealing, by favoring SHRI to the detriment of SHCC and its members, by wrongfully diverting hundreds of thousands of dollars of revenue from SHCC to SHRI, and by misleading the members of SHCC with regard to the financial condition of SHCC. The Complaint seeks damages for misappropriation of SHCC revenues and for trademark infringement, access to SHCC's and SHRI's corporate records, and a declaration that Plaintiffs, not Defendant former Board members, are SHCC's Board of Directors.

2.     The Third Amended and Supplemental Counter-Complaint

The TACC contains twenty-two Causes of Action. Five Causes of Action, the Fifth, Seventh, Ninth, Eleventh, and Fourteenth, are against two of the Plaintiffs (Cole and Donna English) individually, relating to their operation of a Straw Hat restaurant allegedly without SHCC's approval. The First Cause of Action is only against Cole English, stemming from his status as a member of the SHRI Board of Directors. The Nineteenth Cause of Action is for declaratory relief regarding the membership status of another individual Plaintiff. The remaining claims are against all Plaintiffs and cross-Defendants and relate to their joint actions as Straw Hat restaurant operators and SHCC members.

This motion to dismiss addresses the Third, Sixth, Eighth, Tenth and Twelfth Causes of Action, which allege claims against all Plaintiffs. Plaintiffs and the additional Cross-Defendants move to dismiss these causes of action on the basis that they fail to state facts constituting cognizable legal claims. The charging allegations are conclusory, and lack factual allegations setting out the elements of the claims. With regard to the trademark claims, these claims fail because the Plaintiffs are all parties to Membership Agreements with SHCC authorizing them to use the trademarks in operation of their restaurants. Further, since SHRI is neither the trademark owner nor in contract with Plaintiffs, it lacks standing to bring most of these Causes of Action.

III.   Legal Argument

A.     Standards for Motions to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure

A motion to dismiss should be granted when the plaintiff fails to proffer "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is]… a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff or counter-complainant must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., at 678. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1988).

When ruling on a motion to dismiss, a court must accept factual allegations in the pleading as true, but it need not accept unreasonable inferences or legal conclusions cast in the form of factual allegations. *See, Iqbal*, *supra*, 556 U.S. at 681 ("bare assertions…amount[ing] to nothing more than a 'formulaic recitation of the elements' of a … claim" are conclusory and not entitled to an assumption of truth (quoting *Twombly*, s*upra*, 550 U.S. at 555)). Pursuant to Fed. R. Civ. Pro. Rule 8, a pleading is to contain a "short and plain statement of the claim." The pleading should be short because "[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *S.C. Wright & A. Miller, Federal Practice and Procedure* §1281, at 365 (1969), quoted with approval in *Salahuddin v. Cuomo*, 861 F.2d 40 (2nd Cir. 1988).[2]

When ruling on a motion to dismiss, the court may disregard factual allegations which are contradicted by facts established in documents which are attached to the pleading. *Informix Software, Inc. v. Oracle Corp*., 927 F. Supp. 1283, 1285 (N.D. Cal. 1996). Reference to such attached or included documents does not convert a Rule 12(b) motion into a Rule 56 motion. *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

---

[2]  Counter-Claimants made little effort to comply with Rule 8.  The Court will note that the TACC contains 67 paragraphs (15 pages) of preliminary allegations, all of which are incorporated by reference into each of the Causes of Action.  And, each Cause of Action is incorporated into every succeeding Cause of Action.

**B.**    The Third Cause Of Action (For Breach Of The Covenant Not To Compete) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim

The Third Cause of Action alleges that Counter-Defendants (except SHIP) breached the covenants against competition in their SHCC membership agreements by forming SHIP and transferring ownership of the Straw Hat trademarks to it. This claim should be dismissed, as the alleged conduct does not breach the terms of the Counter-Defendants' membership agreements.[3]

The membership agreements contain a covenant not to compete, which states:

> You, and the Personal Guarantors will not, during the term of this Agreement, on Your own account or as an employee, agent, consultant, partner, officer, director, or shareholder of any other person, firm, entity, partnership, limited liability company, or corporation, own, operate, lease, franchise, conduct, engage in, be connected with, have any interest in, or assist any person or entity engaged in any business involving the production, service, or sale of pizza products, or any other related business that is competitive with or similar to a Straw Hat Pizza restaurant or outlet, except with our prior written consent. [TACC Ex. B, p. 17].

The TACC does not allege conduct by Cross-Defendants which violates the provisions of this paragraph. In addition, as discussed below, Business & Professions Code § 16600 makes such covenants against competition unenforceable.

### 1.    Counter-Defendants Have Not Breached The Non-Compete Covenant

Stripped of its grammatical complexity and shortened, the SHCC non-compete covenant essentially states: *You... will not... be connected with... any business that is competitive with or similar to a Straw Hat Pizza restaurant... except with Our prior written consent.* In other words, this provision prohibits one specific form of competition, involvement in a business which sells pizza in competition with Straw Hat Pizza restaurants. This covenant nowhere prohibits transfer of the trademarks to SHIP, the act apparently complained of in this cause of action.

The TACC admits that SHCC authorized Counter-Defendants to operate their Straw Hat restaurants when it entered into membership agreements with them. [TACC p. 11:8-16] Those

---

[3] Exhibit B to the TACC is "[a] representative membership agreement." [TACC, p.10:21-22] "[E]ach of the Counter-Defendants has entered into a membership agreement with SHCC that is substantially similar to Exhibit B." [TACC, p. 11:14-16].

restaurants are not "competitive with or similar to a Straw Hat Pizza restaurant." They are authorized Straw Hat restaurants. Operation of those restaurants therefore does not breach the non-compete covenant.

The TACC does not allege that SHIP is connected with any business, either directly or as licensor, which is similar to, or competitive with, a Straw Hat Pizza restaurant. Standing alone, the formation of SHIP and the transfer of the trademarks to it, do not violate the non-compete covenant. The covenant only and specifically prohibits ***association with restaurants which compete with Straw Hat restaurants***. The TACC does not allege that SHIP is, or is associated with, a business competitive with or similar to, a Straw Hat Pizza restaurant. The covenant does not address, much less prohibit, either transfer of the Straw Hat trademarks or association with authorized Straw Hat restaurants.[4]

Because the covenants against competition do not prohibit the conduct alleged, the claims of the Third Cause of Action should be dismissed.

2.   Covenants Against Competition Are Not Enforceable Under California Law

Business & Professions Code § 16600 provides that "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The succeeding sections list exceptions for limited agreements not to compete when entered into in connection with the sale of a business, the disassociation of a partner or the termination of a member's interest in a limited liability company.[5] There is a further, judicially declared, exception for protection of bona fide trade secrets. Since the SHCC membership agreements do not fall within any of the statutory exceptions, and since the Third Cause of Action contains no allegations that Counter-Defendants are misusing SHCC's trade secrets, Section 16600's prohibition applies to void the non-compete covenants in their Membership Agreements. California's Supreme Court has held that Section 16600 is to be applied broadly and literally:

---

[4]  Counter-Complainants have essentially conceded this by alleging in the Fourth Cause of Action that transferring the marks to SHIP breached other provisions of the membership agreements.

[5]  *See*, Business & Professions Code §§ 16601, 16602 and 16602.5.

> [W]e are of the view that California courts "have been clear in their expression that section 16600 represents a strong public policy of the state which should not be diluted by judicial fiat." Section 16600 is unambiguous, and if the Legislature intended the statute to apply only to restraints that were unreasonable or overbroad, it could have included language to that effect.
> *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 949-950 [citation omitted].

The Third Cause of Action should be dismissed, either because the covenants against competition are void, or because the alleged conduct is not barred by these specific covenants.

C. The Sixth Cause Of Action (For Trademark Infringement Under 15 U.S.C. 1114(1)(A)) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim

The Sixth Cause of Action alleges that Cross-Defendants' actions constitute "direct and/or contributory trademark infringement in violation of 15 U.S.C. § 1114 (1)(a)." [TACC, p. 25:6-7]. Section 1114 provides, in relevant part:

> (1) Any person who shall, **without the consent of the registrant**-
> (a) use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with such use is likely to cause confusion, or to cause mistake, or to deceive;
>               *      *      *
> shall be liable in a civil action **by the registrant** for the remedies hereinafter provided.  [15 U.S.C. § 1114 emphasis added]

The TACC does not allege all the elements of a prima facie case for violation of § 1114(1)(a) against Counter-Defendants. Specifically, the TACC does not allege any use of the trademarks by Counter-Defendants other than use in their restaurants pursuant to the consent of the registrant.[6]

> A cause of action for the infringement of a registered mark in violation of 15 U.S.C.A. § 1114 exists where a person uses (1) any reproduction, counterfeit, copy or colorable imitation of a mark; **(2) without the registrant's consent**; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive.
> *Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg.,*

---

[6]  Cole and Donna English's alleged use of the trademarks in an unapproved Straw Hat restaurant is the subject of the Fifth Cause of Action, and not referenced in the minimal and conclusory factual allegations of the Sixth Cause of Action.

*Inc*. 510 F.2d 1004, 1009-1010 (5th Cir. 1975) [emphasis added].

The TACC alleges that each of the individual Counter-Defendants operates one or more Straw Hat restaurants pursuant to a membership agreement with SHCC, which grants the member the right to use the Straw Hat trademarks in connection with operation of the restaurant. [TACC p. 11:8-16]. The TACC does not allege that Counter-Defendants use of the marks at their member restaurants is inconsistent with their licenses from SHCC. Indeed, it is axiomatic that a licensed use cannot cause confusion or deception, since the marks accurately describe the relevant qualities of the goods or services being offered.

The TACC does not contain factual (as opposed to conclusory) allegations setting out any of the elements of a claim for infringement under § 1114. It does not allege that Counter-Defendants used counterfeit marks; that they **used** the marks without the registrant's consent in commerce in connection with the sale of goods; or that the **use** of the marks is likely to cause confusion or to deceive. Instead, the only charging allegations regarding the marks is that they were transferred to SHIP. [*See e.g.,* TACC p. 17:19-20 and 25-26; p. 25:12-15]. Transfer, as opposed to use, of the marks is not trademark infringement as defined in § 1114.[7]

The Sixth Cause of Action also refers to use of a "'counterfeit mark' as defined in 15 U.S.C. § 1116(d)(1)(B)" [TACC, p. 25:19-20]. That section, provides in part, that "the term 'counterfeit mark' means-- (i) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed." Counterfeit is defined as "to copy or imitate, **without authority or right**, and with a view to deceive or defraud, by passing the copy or thing forged for that which is original or genuine." *Black's Law dictionary*, First Ed., 1979 [emphasis added]. Again, since the TACC alleges that Counter-Defendants were authorized to use the Straw Hat trademarks in connection with their licensed restaurants, such use does not involve use of a counterfeit mark.

### 1. SHRI Lacks Standing To Bring A Claim Under § 1114

Further, "Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), grants standing to assert a

---

[7] The Twenty-Third Cause of Action, for Conversion, may state a claim for wrongful transfer of the trademarks, but not under the Lanham Act, and which will be denied in any event.

claim for trademark infringement solely to the 'registrant.' Under the Act, that term includes the registrant and its 'legal representatives, predecessors, successors and assigns.'" *Berni v. International Gourmet Restaurants of America, Inc*., 838 F.2d 642, 645-46 (2d Cir. 1988).  The TACC does not contain any allegation that SHRI is the trademarks' registrant.

The TACC contains contradictory allegations regarding SHRI's relationship to the trademarks. It makes the conclusory allegation that "SHCC and SHRI are the exclusive owners of" the trademarks (*e.g*., TACC p. 10:4-11). But it also specifically alleges that "[p]ursuant to its Bylaws and a separate System License Agreement dated October 27, 2011, SHCC has licensed to SHRI the 'use of the …trademarks….'" (TACC p. 11:2-7), and that the trademarks are "owned by SHCC and licensed to SHRI." (TACC p. 17:19-20). The TACC thus does not allege that SHRI is the registrant of any of the Straw Hat trademarks, or that it is the assignee of SHCC's rights to control Counter-Defendants' use of the trademarks in their restaurants. Thus, SHRI has no standing to pursue the Sixth Cause of Action.

   D.    The Eighth Cause Of Action (For False Designation Of Origin Under 15 U.S.C. 1125(a)(1)(A)) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim

The Eighth Cause of Action alleges that Cross-Defendants' actions constitute violation of 15 U.S.C. § 1125 (a)(1)(A).  [TACC, p. 27:5-9]. Section 1125 provides, in relevant part:

> (1)   Any person who, on or in connection with any goods or services… uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
>  (A)   is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…
>
>   shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

The TACC does not contain factual allegations of the elements of this claim.

As noted above, the TACC alleges that each of the individual Cross-Defendants operates one or more Straw Hat restaurants pursuant to a membership agreement with SHCC, which grants the member the right to use the Straw Hat trademarks in connection with operation of the restaurant.  [TACC p. 11:8-16]. Cross-Defendants use of the marks at their member restaurants is consistent with their license from SHCC. It is axiomatic that a licensed use cannot cause confusion or deception, since the marks accurately describe the relevant qualities of the goods or services being offered.

"[L]ikelihood of confusion is determined by evaluating a variety of factors including the type of trademark at issue; similarity of design; similarity of product; identity of retail outlets and purchasers; identity of advertising media utilized; defendant's intent; and actual confusion." *Roto-Rooter Corp. v. O'Neal,* 513 F.2d 44, 45 (5th Cir. 1975). The TACC, and specifically the Eighth Cause of Action, does not contain factual allegations regarding any of these factors or their relation to a claim of false designation. Instead there are merely the conclusory assertions (unaccompanied by the traditional who, what, when, and where which signify useful information) that Counter-Defendants "falsely claimed" to own the trademarks and registered their "purported ownership" with the Patent and Trademark Office. There are no allegations that such claims were made "in connection with any goods or services," or made in commerce, or allegations regarding either what confusion was caused, or how such unalleged use could cause confusion.

Thus, the TACC does not contain allegations regarding the indispensable elements of a claim for false designation under Section 1125: there is no allegation of facts showing that Cross-Defendants' use of the trademarks in commerce in connection with goods or services is likely to cause confusion, mistake or deception as to their restaurants' affiliation with Straw Hat. Since the TACC alleges that Counter-Defendants are licensed by agreement with the owner of the trademarks to use them in their restaurants, such factual allegations are clearly needed to state a claim for false designation. Since they are not present, the Eighth Cause of Action should be dismissed.

E.   The Tenth Cause Of Action (For Trademark Dilution Under 15 U.S.C. 1125 (c)) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim

The Tenth Cause of Action alleges that Cross-Defendants' "competing claim of right to ownership and use of the Marks belonging or licensed to SHCC and SHRI's [sic]… have diluted and will continue to dilute the Marks…" and that such alleged acts constitute violation of 15 U.S.C. § 1125 (c)." [TACC, p. 28:18-22, p. 29:1-3]. However, the TACC does not contain factual allegations of the elements of a prima facie claim for trademark dilution.

Section 1125 (c)(2) defines two types of dilution, dilution by blurring, and dilution by tarnishment:

> (B) For purposes of paragraph (1), 'dilution by blurring' is association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark
>
> *        *        *
>
> (C) For purposes of paragraph (1), 'dilution by tarnishment' is association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark.

Section 1125 (c) is not relevant to Cross-Complainants' disagreement regarding the transfer of the trademarks from SHCC to SHIP.[8]  It addresses only the use of the trademarks in commerce:

> In order to prove a violation of the Federal Trademark Dilution Act, a plaintiff must show that (1) the mark is famous; (2) **the** defendant **is making a commercial use of the mark in commerce**; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services. 15 U.S.C. § 1125(c). *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998) holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199  (9th Cir. 2006) [emphasis added].

Thus, to state a Cause of Action for dilution Counter-Complainants must prove that Counter-Defendants used marks in commerce similar to the Straw Hat trademarks, in ways which impaired the Straw Hat marks' distinctiveness or harmed their reputation. Again, the TACC alleges that each of the individual Cross-Defendants operates one or more Straw Hat restaurants

---

[8]  Which is addressed in several other causes of action, *e.g.*, the Thirteenth, Eighteenth and Twenty Second.

pursuant to a membership agreement with SHCC, which grants the member the right to use the Straw Hat trademarks in connection with operation of the restaurant. [TACC p. 11:8-16]. Cross-Defendants' use of the marks at their member restaurants is consistent with their licenses from SHCC. That use cannot cause dilution.  The TACC does not allege ***any other use***, thus, Counter-Complainants have not stated a cognizable claim in this cause of action.

F.  The Twelfth Cause of Action (Unfair Competition Under Business & Professions Code § 17200) Should Be Dismissed Because Counter-Claimants Have Not Alleged Facts Constituting A Legally Cognizable Claim

The Twelfth Cause of Action alleges in conclusory terms, that "Counter-Defendants' actions…constitute unlawful, unfair and/or fraudulent business acts or practices" which constitute unfair competition under California Business & Professions Code § 17200. [TACC, p. 30:5-7] The TACC, however, does not contain factual allegations of the elements of a prima facie claim for unfair competition.

> The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A claim may be brought under the UCL "by a person who has suffered injury in fact and has lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204. Therefore, to establish standing under the UCL a plaintiff must "(1) establish a loss or deprivation of money sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice ... that is the gravamen of the claim."
> *Perez v. Wells Fargo Bank, N*.A., 929 F.Supp.2d 988, 1002-03 (N.D. Cal. 2013) [citations omitted]

A Plaintiff may plead a claim under Section 17200 (the UCL) for any one of three types of violations: The complained of business practice must be either 1. Unlawful; 2. Fraudulent; or 3. Unfair. The Counter-Complaint does not allege facts constituting a claim for any of these three violation types.

1.  The TACC Does Not Plead Sufficient Facts to Allege a Claim for an Unlawful Act or Practice in Violation of the UCL

"To state a cause of action based on an 'unlawful' business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F.Supp.2d 1110, 1165 (N.D. Cal. 2013). As noted above,

Counter-Claimants have not alleged facts sufficient to state a claim against all Counter-Defendants for violation of the Lanham Act. (*See above*, Sections III.C., D., and E.). Breach of contract is not a predicate act for a claim under Section 17200. *AccuImage Diagnostics Corp v. Terarecon, Inc*., 260 F.Supp.2d 941, 954 (N.D. Cal. 2003). Without a predicate statutory violation, the Counter-Complaint cannot state a claim for an unlawful act or practice in violation of the UCL. *Avedisian v. Mercedes-Benz USA, LCC*, 43 F.Fupp.3d 1071, 1079 (C.D. Cal. 2014).

2.  The TACC Does Not Plead Sufficient Facts to Allege a Claim Under the Fraudulent Act or Practice in Violation of the UCL

> A "fraudulent" business act or practice is one in which members of the public are likely to be deceived. Fraudulent, as used in the statute, does not refer to the common law tort of fraud but only requires a showing that members of the public are likely to be deceived. UCL claims premised on fraudulent conduct trigger the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.
> *Perez v*. Wells *Fargo Bank, N*.A., 929 F.Supp.2d 988, 1003 (N.D. Cal. 2013) [citations and internal quotation marks omitted]

Thus, for a fraud violation of the UCL, the plaintiff must allege facts showing that members of the public are likely to be deceived, and must also satisfy the requirement of Rule 9 of the Federal Rules of Civil Procedure that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." While the court must accept well pleaded allegations as true, the TACC does not contain any allegations of conduct which could be construed as fraud, or of representations by Counter-Defendants which are likely to deceive the public, or of facts indicating actual or potential deception of the public. Further, if Counter-Claimants attempt to identify some conclusory or boilerplate allegation in the TACC as an allegation of fraud, such pleading does not satisfy Rule 9's particularity requirement.

Finally, Counter-Claimants are not entitled to the protection of the fraud provision of the UCL: "[A] corporate-competitor 'is not entitled to the protection of [the fraudulent] prong of § 17200 because it is not a member of the public or a consumer entitled to such protection." *Capella Photonics, Inc. v. Cisco Systems, Inc*., 2014 WL 8097683, at *11 (N.D. Cal., Dec. 23,

2014, C-14-3348 EMC). Counter-Claimants, by alleging Counter-Defendants have breached covenants against competition (see TACC Third Cause of Action) must be understood as alleging themselves to be Cross-Defendants' competitors, rather than members of the public.

### 3. The TACC Does Not Plead Sufficient Facts to Allege a Claim for an Unfair Act or Practice in Violation of the UCL

In cases between business competitors (rather than consumer actions), to state a claim under the UCL for unfairness the alleged unfairness must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 186-187 (1999). Further, the policies at issue are understood to be antitrust policies:

> In business-competitor claims, "the word 'unfair' ... means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."
> *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136 (9th Cir. 2014).

The TACC contains no allegations of conduct amounting to antitrust violations or threatening harm to competition (as opposed to the TACC's conclusory and unsupported allegations of harm to the Counter-Claimants).

The TACC does not contain factual allegations stating a claim of any of the Unfair Competition Law's categories: The TACC does not state a claim under the Lanham Act, thus there is no statutory predicate alleged to state a claim for an unlawful violation. The TACC does not allege facts showing that members of the public are likely to be confused or deceived by any of Counter-Defendants' actions, thus there are no facts alleged which state a claim for a fraud violation. And, the TACC does not allege any conduct by Counter-Defendants which constitute anti-trust violations or anti-competitive behavior, thus it does not state a claim for an unfair violation. In addition to the TACC's failure to allege facts amounting to a violation of any of the three unfair competition categories, it also fails to allege facts demonstrating that Counter-Claimants have been harmed by any alleged unfair competition. The TACC does not identify any

1   loss or harm suffered by Counter-Claimants. Since the TACC does not allege facts sufficient to
2   state a claim under California's Unfair Competition Law, this Cause of Action should be
3   dismissed.

4
5   IV.     Conclusion
6           Counter-complainants have failed to allege the required elements, including trademark
    ownership and non-licensed use as to the trademark claims. As these failures cannot be cured,
7   Plaintiffs and Counter-Defendants accordingly request that their Motion to Dismiss the Third,
8   Sixth, Eighth, Tenth and Twelfth Causes of Action of the Third Amended and Supplemental
9   Counter-Complaint be granted dismissing those claims with prejudice.
10

11
12  DATED:  May 12, 2015                        LAGARIAS LAW OFFICES

13

14                                             By:   /s/ Peter C. Lagarias
                                                     Peter C. Lagarias, Esq.
15                                             Attorneys for Plaintiffs and Cross-
                                               Defendants English & Sons, Inc., Cole
16                                             English, Donna English, Pizza Pierates, LLC,
                                               Formatts Enterprise, LLC, Mehrok Food,
17                                             Inc., Mostafa Sehhat, Olga Sehhat, Straw Hat
                                               IP Holdings, LLC and Straw Hat
18                                             Cooperative Corporation
19

20

21

22

23

24

25

26
    N:\ACTIVE\Straw Hat Co-Op\Pleadings - Federal Court - Northern District\NOT MOT AND MOT DISMISS 5-11-15.doc
27

28

Counterdefendants' 12(b)(6) Motion, English & Sons, Inc. v. Straw Hat Restaurant, Inc., No. 3-15-cv-01382-LB