TODD A. ROBERTS (SBN 129722)
ENRIQUE MARINEZ (SBN 160956)
NICOLE S. HEALY (SBN 157417)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:      (650) 364-8200
Facsimile:      (650) 780-1701
Email:      todd.roberts@rmkb.com
             enrique.marinez@rmkb.com
             nicole.healy@rmkb.com

Attorneys for Defendant/Counter-Claimant
STRAW HAT RESTAURANTS, INC.,
Counter-Claimant STRAW HAT
COOPERATIVE CORPORATION, and
Defendants JEFFREY EASON, SAL LISTEK,
DEBORAH MORRIS, CLARK RUPP,
RANDY WISE, AND ALLEN STREGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGLISH & SONS, INC., a California corporation; et al., | CASE NO. 3:15-cv-01382-LB |
| Plaintiffs, | **COUNTER-CLAIMANTS' STRAW HAT RESTAURANTS, INC. AND STRAW HAT COOPERATIVE CORPORATION'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS THE THIRD, SIXTH, EIGHTH, TENTH, AND TWELFTH CAUSES OF ACTION OF COUNTER-CLAIMANTS' THIRD AMENDED AND SUPPLEMENTAL COUNTER-COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| STRAW HAT RESTAURANTS, INC., a California corporation; et al., | |
| Defendants. | |
| STRAW HAT RESTAURANTS, INC., a California corporation; et al., | Hearing Date:      June 18, 2015 |
| Counter-Claimants, | Time:      9:30 a.m. |
| | Courtroom:      C, 15th Floor |
| v. | Magistrate Judge:      Hon. Laurel Beeler |
| COLE ENGLISH, an individual; et al., | Removal filed:  March 25, 2015 |
| Counter-Defendants. | |

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND .................................................................................2

III.  RELEVANT PROCEDURAL BACKGROUND ....................................................5

IV.   ARGUMENT .........................................................................................................6

    A.   Legal Standard .............................................................................................6

    B.   The Court Should not Disturb the State Court's Prior Ruling Where
        Counter-Defendants Have Already Made and Lost the Very Same
        Arguments as to the Breach of Contract and Lanham Act Claims ...................7

    C.   Counter-Claimants Have Stated a a Claim for Breach of the Covenant Not
        to Compete (Third Cause of Action) ...............................................................8

        1.   The TACC Alleges that Counter-Defendants Breached the
            Covenant Not to Compete by Forming and Claiming to Transfer
            SHCC's Marks to SHIPH .....................................................................8

        2.   The Covenant Not to Compete is Valid and Enforceable......................9

    D.   Counter-Claimants Have Stated a Claim for Violation of the Lanham Act ..........10

        1.   Counter-Claimants Have Alleged Trademark Infringement (Sixth
            Cause of Action) ..................................................................................10

        2.   SHRI Has Standing to Bring a Trademark Infringement Claim...............12

        3.   Counter-Claimants Have Pled False Designation of Origin (Eighth
            Cause of Action) ..................................................................................12

        4.   Counter-Claimants Have Pled a Claim for Trademark Dilution
            (Tenth Cause of Action) .......................................................................13

    E.   Counter-Claimants Have Pled a Violation of California's Unfair
        Competition Law (Twelfth Cause of Action) .................................................14

V.    CONCLUSION....................................................................................................16

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

- i -

**TABLE OF AUTHORITIES**

Page

CASES

*AMF, Inc. v. Sleekcraft Boats*,
   599 F.2d 341 (9th Cir.1979) ...............................................................11

*Arizona v. California*,
   460 U.S. 605, 619, 103 S.Ct. 1382 (1983)..............................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678, 129 S.Ct. 1937 (2009)...............................................6

*Avery Dennison Corp. v. Sumpton*,
   189 F.3d 868, 875 (9th Cir. 1999) .......................................................14

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 570, 127 S.Ct. 1955 (2007)...............................................6

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal.4th 163, 185 (1999) ............................................................14, 15

*Century 21 Real Estate Corp. v. Sandlin*,
   846 F.2d 1175, 1177 (9th Cir. 1988) ...................................................11

*Cleary v. NewsCorp.*,
   30 F.3d 1255, 1262-63 (9th Cir. 1994) ................................................15

*Edwards v. Arthur Andersen LLP*,
   44 Cal.4th 937 (2008) ........................................................................9

*Hokto Kinoko Co. v. Concord Farms, Inc.*,
   738 F.3d 1085, 1096 (9th Cir. 2013) ...................................................11

*In re Adobe Systems, Inc. Privacy Litigation*
   , Case No. 13-CV-05226-LHK, 2014 WL 4379916, at *19 (N.D. Cal., Sept. 4, 2014)..........16

*Int'l Order of Job's Daughters v. Lindeburg & Co.*,
   633 F.2d 912, 917 (9th Cir.1980) .......................................................13

*Jada Toys, Inc. v. Mattel, Inc.*,
   518 F.3d 628, 632-33 (9th Cir. 2007) ..................................................11

*Knievel v. ESPN*,
   393 F.3d 1068, 1080 (9th Cir. 2005) .....................................................6

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*,
   998 F. Supp. 2d 890, 895 (C.D. Cal. 2014) .......................................6, 11

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

COUNTER- CLAIMANTS' OPPOSITION TO
COUNTER-DEFTS' MOTION TO DISMISS
NO. 3:15-CV-01382-LB

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025, 1031 (9th Cir. 2008) ...................................................................6

*Mattel, Inc. v. MCA Records, Inc.*,
   296 F.3d 894, 900 (9th Cir. 2002) ....................................................................10

*McKell v. Wash. Mut., Inc.*
   142 Cal. App. 4th 1457, 1473 (2006) ...............................................................15

*New West Corp. v. NYM Co. of California Inc.*,
   595 F.2d 1194, 1201 (9th Cir.1979) .................................................................13

*Panavision Intern., L.P. v. Toeppen*,
   141 F.3d 1316, 1327 (9th Cir. 1998) ...............................................................14

*Pirozzi v. Apple, Inc.*,
   966 F.Supp.2d 909, 920 (N.D. Cal. 2013) ..................................................14, 15

*ProtectMarriage.com v. Courage Campaign*,
   680 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010) ..................................................10

*United States v. Alexander*,
   106 F.3d 874, 876 (9th Cir. 1997) ...................................................................7, 8

**STATUTES**

15 U.S.C. § 1114............................................................................................................13

15 U.S.C. § 1114(a) .........................................................................................................5

15 U.S.C. § 1125(a) .................................................................................................5, 6, 13

15 U.S.C. § 1125(a)(1)(A)...........................................................................................12, 13

15 U.S.C. § 1127............................................................................................................14

15 U.S.C.A. § 1125(a)(1) ...............................................................................................13

Cal. Bus. & Prof. Code §§ 17200 *et seq.*......................................................2, 3, 6, 14, 15

Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a) ...............................................................2

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................6

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

I.        **INTRODUCTION**

This lawsuit arises out of a longstanding dispute over the management, ownership, and control of the Straw Hat Cooperative Corporation ("SHCC") and its assets, primarily intellectual property including Straw Hat trademarks (the "Marks"), and systems, processes, and procedures ("the Straw Hat Pizza System") developed by SHCC and Straw Hat Restaurants Inc. ("SHRI").

Nothing in Counter-Defendants' Motion to Dismiss five of the twenty-two claims asserted in Counter-Claimants' SHCC and SHRI's Third Amended and Supplemental Counter-Complaint ("TACC") demonstrates that the TACC fails to state a claim for breach of the covenant not to compete (Third Cause of Action); violations of the Lanham Act — specifically trademark infringement, false designation of origin, and trademark dilution (Sixth, Eighth, and Tenth Causes of Action); or California's Unfair Competition Law (Twelfth Cause of Action).

Contrary to Counter-Defendants' arguments, the TACC pleads the elements of each of the challenged claims.  Moreover, Counter-Defendants fail to mention that with the exception of the UCL claim, over two years ago they argued and lost a demurrer to the same causes of action in the Contra Costa County Superior Court from which this matter was removed.  Where the same issues have been reviewed, and Counter-Defendants' challenges to the pleadings found lacking, the law of the case doctrine counsels that there is no reason for this Court to disturb the state court's ruling.

Regardless of the prior ruling, however, Counter-Claimants have alleged that Plaintiffs / Counter-Defendants Cole English, Donna English, English & Sons, Inc., Formatts Enterprise, LLC, Pizza Pierates, LLC, Mehrok Foods, Inc., Mostafa Sehhat, and Olga Sehhat, members of SHCC who own and operate or previously owned and operated Straw Hat Pizza restaurants, have attempted to usurp SHCC's and SHRI's rights to the Marks.  Claiming that they were the sole members of SHCC, Counter-Defendants formed Plaintiff / Counter-Defendant Straw Hat IP Holdings, LLC ("SHIPH") for the purpose of transferring the Marks from SHCC to SHIPH for no consideration.  Thereafter, Counter-Defendants registered the Marks in SHIPH's name.  Counter-Defendants have since held themselves out to be the owners of the Marks and have continued to use the intellectual property that makes up the Straw Hat system.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Counter-Defendants did so in violation of SHCC's ownership of the Marks and its prior

2    grant to a license to SHRI and assignment to SHRI of the right to prosecute infringement.

3    Counter-Defendants actions and interference with SHCC's and SHRI's rights to manage, control,

4    and police Straw Hat's intellectual property is likely to cause confusion, in violation of the

5    Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a).  That the Counter-Defendants (except SHCC)

6    were granted licenses to use the Marks and other Straw Hat intellectual property in their

7    membership agreements with SHCC, as they argue in their Motion is no defense where they are

8    in breach of those agreements.  Counter-Defendants further argue that they are not in competition

9    with other Straw Hat restaurants.  Yet, as the TACC alleges, Counter-Defendants formed SHIPH

10   for the improper purpose of attempting to divert and convert SHCC's assets to their own use,

11   including the trademarks and other intellectual property belonging to SHCC and licensed to SHRI

12   and have violated the covenants not to compete by using "Straw Hat" in SHIPH's name.

13   Further, Counter-Defendants' acts violate California's Unfair Competition Law ("UCL"),

14   Bus. & Prof. Code 17200, *et seq*.  The TACC alleges that Counter-Defendants violated the UCL's

15   "unlawful" prong by violating the Lanham Act.  They further are alleged to have violated its

16   "unfair" and "fraudulent" prongs by attempting to usurp SHCC's and SHRI's rights to the Marks

17   and publicly misrepresenting that they own and control the Marks, thereby injuring Counter-

18   Claimants in their business.

19   The TACC pleads sufficient facts to state a claim for each of the causes of action

20   challenged in Counter-Defendants' Motion to Dismiss.  If the Court determines, however, that

21   certain elements of the claims are lacking, Counter-Claimants ask that they be granted leave to

22   amend.

23   **II.    FACTUAL BACKGROUND**

24   SHCC is a California cooperative corporation.  From approximately 1981 through 2008,

25   Straw Hat restaurants were owned and operated by SHCC's members.  In 2008, SHRI was

26   organized to expand and enhance the Straw Hat brand.  SHRI has operated company-owned

27   restaurants, although its primary business is franchising Straw Hat restaurants.  From 2008 until

28   2011, the companies maintained a parallel system whereby SHCC members operated their

restaurants under SHCC's Bylaws and pursuant to their Membership Agreements with SHCC, and SHRI's franchisees operated their franchised restaurants pursuant to their franchise agreements.  *See* TACC ¶¶ 5, 13-14.

In May 2011, SHCC's Board of Directors proposed a ballot measure to the company's members to windup and dissolve the cooperative corporation, and to permit members to obtain shares in SHRI and to operate their Straw Hat restaurants as SHRI franchises on favorable terms. On June 15, 2011, a majority of SHCC's members voted in favor of the ballot measure.  With the exception of Plaintiff / Counter-Defendant Pizza Pierates, LLC, which initially supported and later opposed the measure, Plaintiffs / Counter-Defendants Cole English, Donna English, English & Sons, Inc., Formatts Enterprise, LLC, Mehrok Foods, Inc., Mostafa Sehhat, and Olga Sehhat, all of whom own and operate, or previously owned and operated, one or more Straw Hat Pizza restaurants (*see id*. ¶¶ 7-11) voted against the measure.  *See id*. ¶¶ 15, 49-51.

Rather than seek an appraisal of their interests in SHCC as provided for under California law, and in spite of vote of the majority of members, since the vote, Counter-Defendants have held themselves out to be the sole members of SHCC, and the owners of all of SHCC's assets and intellectual property, including its trademarks.  On May 17, 2012, in an unlawful and unauthorized vote, Counter-Defendants purportedly elected certain of themselves as SHCC's Board of Directors.  *See id*. ¶¶ 52, 54-60, 61-66.

In June 2012, while a motion for a preliminary injunction was pending, the Counter-Defendants surreptitiously formed Plaintiff / Counter-Defendant Straw Hat IP Holdings, LLC ("SHIPH") with Cole English as the managing member.  Thereafter, Counter-Defendants purportedly transferred the Marks and to SHIPH from SHCC for no consideration.  *See id*. ¶¶ 12, 61-66.

Pursuant to both SHCC's Bylaws and a separate System License Agreement dated October 27, 2008, SHCC had previously licensed to SHRI the "use of . . . the Corporation's logo, trademarks, other intellectual property, systems, processes, and procedures."  *See id*. ¶ 39; Ex. 1. A (TACC, SHCC's Bylaws) § 6.d; and Ex. 2 (System License Agreement) ¶ 1.A., attached to the ///

Declaration of Enrique Marinez ("Marinez Dec.").[1] SHCC also granted SHRI the "right, in its discretion, to institute and prosecute lawsuits against third persons for infringement of the rights licensed in this Agreement." Ex. 2 (System License Agreement) ¶ 14.A.

The Membership Agreements that SHCC executed with each of its members granted them a limited license to use the Straw Hat Marks and other intellectual property. The Membership Agreement provides that the members "have a license to use Our registered marks 'Straw Hat' and 'Straw Hat Pizza' to identify the Restaurant." *See* Ex. 1.B (TACC, Membership Agreement) § V.E. The Membership Agreement further provides that "You will not use the words 'Straw Hat' in a corporate or partnership name. You will not use any of Our Registered Marks together with any other word or symbol without Our prior written consent; and will not use them in any Business other than the Restaurant." *Id.* § VI.D.1. Notwithstanding those limitations, and while this litigation was pending, Counter-Defendants formed SHIPH using the phrase "Straw Hat" as part of the company's name.

The SHCC Membership Agreement required the members to pay marketing and administrative fees to SHCC. *See* TACC ¶ 46. Counter-Defendants have withheld and been delinquent in paying their fees for some time. *See id.* Pursuant to the Membership Agreement, such delinquency subjected the Counter-Defendants to termination of their memberships at SHCC's discretion. *See* Ex. 1.B (Membership Agreement) § VII.

The Membership Agreement contains a covenant not to compete which states as follows.

> You, and the Personal Guarantors will not, during the term of this Agreement, on Your own account or as an employee, agent, consultant, partner, officer, director, or shareholder of any other person, firm, entity, partnership, limited liability company, or corporation, own, operate, lease, franchise, conduct, engage in, be connected with, have any interest in, or assist any person or entity engaged in any business involving the production, service, or sale of pizza products, or any other related business that is competitive with or similar to a Straw Hat Pizza restaurant or outlet, except with Our prior written consent.

*Id.* § VII.

///

---

[1] All exhibits are attached to the Marinez Declaration.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

### III.   RELEVANT PROCEDURAL BACKGROUND

This lawsuit began when, on October 19, 2011, Cole English, Donna English, Pizza Pierates, LLC, Formatts Enterprise, LLC, Mehrok Food, Inc., Mostafa Sehhat, and Olga Sehhat filed an action against SHCC, SHRI, Jonathan Fornaci, Jeffrey Eason, Sal Listek, Deborah Morris, Clark Rupp, and Randy Wise in the Superior Court of California, Contra Costa County, entitled *English, et al. v. Straw Hat Restaurants, Inc., et al.*, Action No. CIV 11-02391.

Later in the course of the litigation and pursuant to an order of the Contra Costa Superior Court, on April 2, 2013, SHCC and SHRI filed a First Amended Cross-Complaint ("FACC"). *See.* Ex. 3 (FACC).  On May 3, 2013, Plaintiffs /Cross-Defendants demurred to the FACC; SHIPH's demurrer was filed on July 2, 2013.  *See* Marinez Dec.  ¶ 7; Counter-Defendants' Request for Judicial Notice.

On or about October 17, 2013, the Contra Costa Superior Court issued an Order sustaining in part and overruling in part Cross-Defendants' demurrers to the FACC and granted leave to amend; that Order was not entered on the court's docket until December 24, 2013.  *See* Ex. 4 (Notice of Entry of Order and Order).  In particular, the superior court sustained the demurrers as to all of the causes of action now challenged by Counter-Defendants with the sole exception of the cause of action for breach of the covenant not to compete asserted against SHIPH. *See id*.

SHCC and SHRI filed a Second Amended Cross-Complaint ("SACC") on October 18, 2013.  *See* Marinez Dec. ¶ 9; Ex. 5.  The SACC did not substantively modify the FACC as to the third, fifth, seventh, ninth, and twentieth causes of action.  On November 6, 2013, Cross-Defendants answered the SACC.  *See* Marinez Dec. ¶ 10.

Following the removal of the action to this Court, Counter-Defendants filed the Third Amended and Supplemental Counter-Complaint ("TACC").  The numbering of certain causes of action changed, including as to the claims challenged in the instant Motion, as shown below:

| Cause of Action in FACC / SACC | Cause of Action in TACC | Causes of Action |
|---|---|---|
| 20 | 3 | Breach of the Covenant Not to Compete |
| 3 | 6 | Trademark Infringement, 15 U.S.C. § 1114(a) |
| 5 | 8 | False Designation of Origin, 15 U.S.C. § 1125(a) |

| Cause of Action in FACC / SACC | Cause of Action in TACC | Causes of Action |
|---|---|---|
| 7 | 10 | Trademark Dilution, 15 U.S.C. § 1125(a) |
| 9 | 12 | UCL (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) |

The TACC pleads breach of the covenant not to compete (Third Cause of Action) against all Counter-Defendants except SHIPH; the Lanham Act claims for trademark infringement, false designation of origin, and trademark dilution (Sixth, Eighth, and Tenth Causes of Action) and the UCL (Twelfth Cause of Action), against all Counter-Defendants.  The TACC did not substantively modify the allegations in the SACC as to these causes of action, to which Counter-Defendants had unsuccessfully demurred and which they later answered.  *See* Ex. 6 ("redline" of TACC against FACC).

## IV.   **ARGUMENT**

### A.   **Legal Standard**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 556.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party" (*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)), drawing all "reasonable inferences" from those facts in the nonmoving party's favor.  *See Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005).

If a motion to dismiss a complaint is granted, the trial court court must decide whether to grant leave to amend.  "The Ninth Circuit has repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Kythera*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   *Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 895 (C.D. Cal. 2014) (*citing*

2   *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

3       **B.**    **The Court Should not Disturb the State Court's Prior Ruling Where**
**Counter-Defendants Have Already Made *and Lost* the Very Same Arguments**
4           **as to the Breach of Contract and Lanham Act Claims**

5         Nearly two years ago, long before this case was removed to this Court, Counter-

6   Defendants unsuccessfully demurred to same causes of action they now challenge in the TACC,

7   with the exception of the UCL claim.  On October 17, 2013, the Contra Costa Superior Court

8   issued an order overruling the demurrer as to the Lanham Act causes of action for trademark

9   infringement, false designation of origin, and trademark dilution.  *See* Ex. 4 (Notice of Entry of

10   Order and Order) at 2-3, 4.  The court sustained the demurrer as to SHIPH, with leave to amend

11   with respect to the cause of action for breach of the covenant not to compete.  It overruled the

12   other cross-defendants' (the present Counter-Defendants) demurrer to that cause of action.  *See*

13   *id*. at 3, 5.

14         Having previously lost this motion in the Superior Court, Counter-Claimants now seek

15   another bite at the apple in this Court.  As the Supreme Court has noted, however, "a fundamental

16   precept of common-law adjudication is that an issue once determined by a competent court is

17   conclusive."  *Arizona v. California*, 460 U.S. 605, 619, 103 S.Ct. 1382 (1983).  That is, the "law

18   of the case doctrine" provides that the same issue, once decided, should not be re-litigated.  *See*

19   *id*. at 618. ("As most commonly defined, the doctrine posits that when a court decides upon a rule

20   of law, that decision should continue to govern the same issues in subsequent stages in the same

21   case.").

22         The doctrine applies where the superior court reviewed a challenge to the same claims,

23   and Counter-Defendants have not argued that the prior rulings were clearly erroneous, or that the

24   law or facts have changed, or that a manifest injustice would otherwise result.  *See United States*

25   *v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (discussing exceptions to the law of the case

26   doctrine, *citing Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1992)).  Moreover, while "[l] aw of

27   the case directs a court's discretion, it does not limit the tribunal's power" (Arizona, 460 U.S. at

28   618) "[f]ailure to apply the doctrine of the law of the case absent one of the requisite conditions

- 7 -

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

1   constitutes an abuse of discretion." *Alexander*, 106 F.3d at 876.  Accordingly, the superior

2   court's rulings on the demurrers to the breach of contract and Lanham Act claims should not be

3   disturbed.

**C.   Counter-Claimants Have Stated a a Claim for Breach of the Covenant Not to Compete (Third Cause of Action)**

**1.   The TACC Alleges that Counter-Defendants Breached the Covenant Not to Compete by Forming and Claiming to Transfer SHCC's Marks to SHIPH**

8       The TACC alleges that the Counter-Defendants excluding SHIPH have breached their

9   membership agreements with SHCC, by forming SHIPH and usurping "Straw Hat proprietary

10  information and intellectual property including the Marks associated with the brand and their

11  value from other operators of Straw Hat Pizza establishments [ ] in direct contravention of this

12  contract term and their acknowledgement in entering into the contract that the exclusive right to

13  own, control and license use of the Marks remained with SHCC, or at its election." *See* TACC ¶

14  82.  Operating from the faulty premise that the Counter-Defendants are the sole members of

15  SHCC and that, acting on behalf of SHCC, they lawfully transferred its intellectual property to

16  SHIPH, Counter-Defendants argue that the Third Cause of Action fails to state a claim for breach

17  of the covenant not to compete.

18      Counter-Defendants contend that they are operating authorized Straw Hat restaurants and

19  therefore cannot be competing unlawfully with SHRI and its franchises or other SHCC

20  restaurants.  *See* Mot. at 13.  Yet, in entering into their membership agreements, Counter-

21  Defendants agreed not to "own, operate, . . . conduct, engage in, be connected with, have any

22  interest in, or assist any person or entity engaged in . . . any other related business that is

23  competitive with or similar to a Straw Hat Pizza restaurant or outlet, except with Our prior written

24  consent."  Ex. A to Ex. 1 (Membership Agreement) ¶ G.

25      As the TACC alleges, Counter-Defendants formed SHIPH — an entity they own and

26  control — and whose name is itself in violation of the terms of the membership agreement (*see*

27  TACC ¶¶ 81-83), for the improper purpose of attempting to divert and convert SHCC's assets to

28  their own use, including the trademarks and other intellectual property belonging to SHCC and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

licensed to SHRI.  *See* TACC ¶ 62.  By holding SHIPH out as the purported owner of the Marks, Counter-Defendants are competing with SHCC and SHRI for the right to manage and control that intellectual property, not only the Marks themselves, but also the intellectual property associated with the Marks, including the menus, recipes, signage, and other elements that together make up the Straw Hat system.  Such actions, including diverting and converting SHCC's and SHRI's intellectual property to Counter-Defendants own use clearly contravene the covenant not to compete.

## 2.      The Covenant Not to Compete is Valid and Enforceable

Counter-Defendants allege that the covenant not to compete is unenforceable under California law.  *See* Mot. at 13-15, *citing* Cal. Bus. & Prof. Code ¶¶ 16600, *et seq*.  Section 16600 states in full that, "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Counter-Claimants are not attempting to preclude any Counter-Defendant from operating a lawful business.  Rather, the TACC alleges that Counter-Defendants have *unlawfully* claimed to have seized control of intellectual property in which they had only a part ownership interest, violating and interfering with Counter-Claimants' rights to own, manage, and control that intellectual property.  *See, e.g.*, TACC ¶ 52.  For example, Counter-Defendants could easily have named SHIPH something other than "***Straw Hat*** IP Holdings, LLC."  By using the term "Straw Hat" in the company's name, they breached the covenant.

Counter-Claimants' allegations regarding Counter-Defendants' breach of the covenant as alleged in the TACC simply do not implicate Section 16600.  Likewise, Counter-Defendants' citation to *Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937 (2008) is not on point.  *See* Mot. at 14.  *Edwards* holds that Section 16600 prohibits noncompetition provisions in *employment* agreements, unless an exception exists.  Here, the membership agreements provided that Counter-Defendants would become members of SHCC and operate Straw Hat pizza restaurants, and Counter-Claimants have not attempted to restrain the lawful operation of those restaurants.

///

///

COUNTER- CLAIMANTS' OPPOSITION TO
COUNTER-DEFTS' MOTION TO DISMISS
NO. 3:15-CV-01382-LB

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**D.   Counter-Claimants Have Stated a Claim for Violation of the Lanham Act**

    **1.   Counter-Claimants Have Alleged Trademark Infringement (Sixth Cause of Action)**

Counter-Defendants contend that the Sixth Cause of Action for trademark infringement fails to state a claim.  "A trademark is a word, phrase or symbol that is used to identify a manufacturer or sponsor of a good or the provider of a service." *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 900 (9th Cir. 2002) (*citing New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 305 (9th Cir.1992)).  A trademark is "the owner's way of preventing others from duping consumers into buying a product they mistakenly believe is sponsored by the trademark owner.  A trademark 'inform[s] people that trademarked products come from the same source.'" *Mattel*, 296 F.3d at 900 (*citing New Kids on the Block*, 971 F.2d at 305 n. 2).

"The traditional elements of a claim for trademark infringement are ownership of a protectable mark and likelihood of confusion arising from defendant's use of the mark." *ProtectMarriage.com v. Courage Campaign*, 680 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010) (*citing Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007)).

Here Counter-Claimants allege that Counter-Defendants formed SHIPH "for the inequitable and unjust purpose of transferring SHCC's intellectual property, including the Straw Hat trademarks (the "Straw Hat Marks"), to SHIPH for no consideration."  TACC ¶ 17.  SHIPH claims to own the marks that belong to SHCC.  *Id.* ¶ 18.  Moreover, Counter-Defendants claim that they are the sole remaining members of SHCC.  *See, e.g., id.* ¶¶ 23, 52.  These claims, of course, are the crux of this litigation.  Counter-Defendants would like for this Court to ignore the very dispute central to this lawsuit and automatically award them with a favorable ruling.

Moreover,  Counter-Defendants have violated their membership agreements and created a strong likelihood of confusion by using the phrase "Straw Hat" as part of the name of their limited liability company, "Straw Hat IP Holdings," despite the prohibition on using "'Straw Hat' in a corporate or partnership name."  Ex. B to Ex. 1 (Membership Agreement) ¶ VI.D.1.  The use of "Straw Hat" in SHIPH's name is deceptive and likely to cause confusion where it suggests that SHCC and SHRI have approved that use.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Further, Counter-Defendants' wrongful claim of ownership to and use of the Marks

2    without authorization from SHCC and/or SHRI infringes Counter-Claimants ownership of that

3    trademark.  Although SHIPH is listed as the registered holder of the trademarks, it procured that

4    registration based on a false claim of ownership and as a result of Counter-Defendants'

5    misconduct in converting SHCC's assets and purportedly transferring them to SHIPH. By falsely

6    claiming to own the Marks, and even registering SHIPH as their owner, Counter-Defendants have

7    created a strong likelihood of confusion.  Moreover, its use of the Marks is a counterfeit where it

8    falsely claims ownership of those Marks.

9    To determine whether plaintiffs (or here, Counter-Claimants) have alleged the likelihood

10   of confusion, courts within the Ninth Circuit employ the multi-factor test set forth in *AMF, Inc. v.*

11   *Sleekcraft Boats*, 599 F.2d 341 (9th Cir.1979).  Those factors are: "(1) the strength of the mark;

12   (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion;

13   (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the

14   purchaser; (7) defendant's intent in selecting its mark; and (8) likelihood of expansion of the

15   product lines."  *Id*. at 349-49; *see also Kythera*, 998 F. Supp. 2d at 901.  No single factor is

16   dispositive, and indeed, the relevance of any factor or set of factors depends on the particular

17   facts of the case before the court.  *See Jada Toys, Inc. v. Mattel, Inc*., 518 F.3d 628, 632-33 (9th

18   Cir. 2007).  Rather, as the Ninth Circuit has said, "[w]e apply these factors flexibly, and [plaintiff]

19   need not demonstrate that every factor weighs in its favor."  *Hokto Kinoko Co. v. Concord Farms,*

20   *Inc*., 738 F.3d 1085, 1096 (9th Cir. 2013).

21   Here, Counter-Defendants have sufficiently pled the *Sleekcraft* factors.  That is, the TACC

22   alleges that the parties are using the same or nearly identical marks, to sell the same goods, using

23   the same marketing materials as part of the "Straw Hat System."  *See, e.g*., TACC ¶¶ 1, 35, 39-40.

24   Counter-Claimants further have alleged that the Counter-Defendants have acted to deprive

25   Counter-Claimants of their right to manage and control the Marks.  Whether actual confusion

26   exists or whether Counter-Defendants intended to create confusion, are elements to be developed

27   through discovery.  However, as the Ninth Circuit has stated, "[n]either actual confusion nor

28   intent is necessary to a finding of likelihood of confusion."  *Century 21 Real Estate Corp. v.*

*Sandlin*, 846 F.2d 1175, 1177 (9th Cir. 1988).  Finally, neither party has alleged or argued that

they intend to expand product lines or markets, making the final factor irrelevant at this stage.

### 2.  SHRI Has Standing to Bring a Trademark Infringement Claim

Counter-Defendants challenge SHRI's standing to bring the infringement claim and allege

that the TACC is confused as to the allegations concerning which entity owns the marks.  *See*

Mot. at 15-16.  Counter-Defendants' argument is unfounded.

Counter-Claimants have alleged that SHCC licensed "the Corporation's logo, trademarks,

other intellectual property, systems, processes, and procedures" to SHRI.  TACC ¶ 39; *see also*

*id.* ¶¶ 62, 101.  The license predates the June 2012 formation of SHIPH and is found in both

SHCC's Bylaws and the System License Agreement.  *See id.* ¶ 39; Ex. A to Ex. 1 (TACC Ex. A,

SHCC's Bylaws) § 6.d; Ex. 2 (System License Agreement) ¶ 1.A; *see also* Counter-Claimants'

Request for Judicial Notice.

Significantly, SHCC expressly granted SHRI the right to prosecute violations.  *See* Ex. 2

(System License Agreement) ¶ 14.A (granting SHRI the "right, in its discretion, to institute and

prosecute lawsuits against third persons for infringement of the rights licensed in this

Agreement.").  Accordingly, SHRI has standing to bring a claim for trademark infringement.

### 3.  Counter-Claimants Have Pled False Designation of Origin (Eighth Cause of Action)

To establish a claim for false designation of origin, a plaintiff must prove that the

defendant "(1) used in commerce (2) any word, false designation of origin, false or misleading

description, or representation of fact, which (3) is likely to cause confusion or mistake, or to

deceive, as to sponsorship, affiliation, or the origin of the goods or services in question."  15

U.S.C. § 1125(a)(1)(A).

Counter-Defendants argue that their own use of the Marks "cannot cause confusion or

deception, since the marks accurately describe the relevant qualities of the good or services being

offered."  Mot. at 17.  However, Counter-Defendants have misrepresented their ownership of the

Marks, interfered with Counter-Claimants' rights to the Marks, and are in breach of their

membership agreements, all of which "is likely to cause confusion or mistake, or to deceive, as to

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    sponsorship, affiliation, or the origin of the goods or services in question."  15 U.S.C. §

2    1125(a)(1)(A).

3        The Ninth Circuit has held that the "test for false designation of origin was similar to that

4    for infringement of a registered trademark under 15 U.S.C. § 1114.  Both statutes preclude the use

5    of another's trademark in a manner likely to confuse the public about the origin of goods."  *Int'l*

6    *Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir.1980); *see also New*

7    *West Corp. v. NYM Co. of California Inc.*, 595 F.2d 1194, 1201 (9th Cir.1979) ( "Whether we call

8    the violation infringement, unfair competition or false designation of origin, the test is identical is

9    there a "likelihood of confusion?").  Here, as discussed above, Counter-Claimants have alleged

10   that there is a strong likelihood of confusion between SHIPH's claimed ownership of the Marks

11   and Counter-Claimants claim to own and control the Marks.

### 4.    Counter-Claimants Have Pled a Claim for Trademark Dilution (Tenth Cause of Action)

14       The TACC alleges that "Counter-Defendants have falsely claimed and misrepresented that

15   they own and control the Marks.  Although they do not own or control the Marks, Counter-

16   Defendants have registered their purported ownership of the Marks with the United States Patent

17   and Trademark Office."  TACC ¶ 110.  Such actions are prohibited by Section 1125(a) of the

18   Federal Trademark Dilution Act which, which provides that it is a violation to "use in

19   commerce," any "word, term, name, symbol, or device, or any combination thereof . . . or false or

20   misleading representation of fact" which "is likely to cause confusion, or to cause mistake, or to

21   deceive as to the affiliation, connection, or association of such person with another person, or as

22   to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by

23   another person."  15 U.S.C.A. § 1125(a)(1).

24       Counter-Defendants argue that by operating Straw Hat restaurants under a license granted

25   in their membership agreements, they cannot be liable for dilution either by blurring or

26   tarnishment.  *See* Mot. at 18-19.  However, Counter-Defendants are *not* operating their restaurants

27   pursuant to their membership agreements.  They are operating them in violation of the

28   membership agreements, including having failed to comply with obligations including paying

administrative and marketing fees, and are exceeding the permission granted for use of the Marks and the other intellectual property.  *See* TACC ¶¶ 46, 66; Ex. B to Ex. 1 (Membership Agreement) ¶¶ VI.A., VI.C.1,

Such actions tarnish the Marks, particularly because by not complying with the terms of the membership agreements, and falsely claiming to own and control the Marks, Counter-Defendants are no longer entitled to use the Marks in operating their restaurants.  *See id.* ¶ 40; Ex. B to Ex. 1 (Membership Agreement) ¶ VII.A.2.

Moreover, it is not necessary that the parties be competitors.  "Dilution is a cause of action invented and reserved for a select class of marks — those marks with such powerful consumer associations that even non-competing uses can impinge on their value."  *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999); 15 U.S.C. § 1127.  Counter-Defendants have not challenged the value of the Marks.  Rather, by hijacking them, they seek to capitalize on the substantial time, money and effort that SHCC and SHRI have spent developing the Marks, as well as the systems, processes, and procedures involved in and necessary to operate a Straw Hat pizza restaurant.  *See* TACC ¶¶ 34-35.

By continuing to use the Marks while not in compliance with the membership agreements (*see* TACC ¶ 46), Counter-Defendants have diluted the Marks' value by tarnishment.   Counter-Defendants have thereby put Counter-Claimants' "name and reputation at [their] mercy." *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1327 (9th Cir. 1998).

**E.    <u>Counter-Claimants Have Pled a Violation of California's Unfair Competition Law (Twelfth Cause of Action)</u>**

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, "prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'"  *Pirozzi v. Apple, Inc.*, 966 F.Supp.2d 909, 920 (N.D. Cal. 2013).  Further, "[e]ach prong — fraudulent, unfair, and unlawful — is independently actionable."  *Id.*, *citing Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 185 (1999).

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    The Ninth Circuit "has consistently held that state common law claims of unfair

2    competition  and actions pursuant to California Business and Professions Code § 17200 are

3    'substantially congruent' to claims made under the Lanham Act." *Cleary v. NewsCorp.*, 30 F.3d

4    1255, 1262-63 (9th Cir. 1994), *citing Academy of Motion Picture Arts & Sciences v. Creative*

5    *House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991) (*citing Sandlin*, 846 F.2d at 1178

6    (holding that under both, the "ultimate test" is "whether the public is likely to be deceived or

7    confused by the similarity of the marks") (internal quotations omitted in original)).

8    As demonstrated above, Counter-Claimants have pled a UCL claim under the "unlawful"

9    prong of the statute, based on Counter-Defendants' violations of the Lanham Act.

10    Further, the TACC alleges that Counter-Defendants violated the "unfair" prong of the

11    statute.  The term "unfair" in the UCL context has been defined in various ways, most of which

12    borrow from the antitrust laws.  *See Pirozzi*, 966 F. Supp. 2d at 921.  "A business practice is

13    unfair within the meaning of the UCL if it violates established public policy or if it is immoral,

14    unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its

15    benefits." *McKell v. Wash. Mut., Inc.* 142 Cal. App. 4th 1457, 1473 (2006) (citations omitted);

16    *see also Cel–Tech*, 20 Cal.4th at 187 (in claims involving business competitors rather than

17    consumers, "the word 'unfair' . . . means conduct that threatens an incipient violation of an

18    antitrust law, or violates the policy or spirit of one of those laws because its effects are

19    comparable to or the same as a violation of the law, or otherwise significantly threatens or harms

20    competition.").  Here, Counter-Defendants' wrongful claim to own the Marks is misleading and

21    injurious to Counter-Claimants' business.  Among other things, by attempting to usurp Counter-

22    Claimants' control of the Marks, Counter-Defendants have interfered with Counter-Claimants'

23    right and ability to manage and control the manner in which the Marks and the other intellectual

24    property that form the Straw Hat system are presented and used.  Such actions are likely to cause

25    confusion, and as the TACC alleges, have injured Counter-Claimants' in their business.  *See*

26    TACC ¶ 130.

27    ///

28    ///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    In addition as courts have held, "[p]laintiffs do not need to plead any direct violations of a

2    statute to bring a claim under the UCL's unfair prong.  Instead, Plaintiffs need merely to show

3    that the effects of [defendant's] conduct 'are comparable to or the same as a violation of the law,

4    or otherwise significantly threaten[ ] or harm [ ] competition.'" *In re Adobe Systems, Inc. Privacy*

5    *Litigation* , Case No. 13-CV-05226-LHK, 2014 WL 4379916, at *19 (N.D. Cal., Sept. 4, 2014)

6    (*citing Cel-Tech*, 20 Cal.4th at 187)).  Where Counter-Claimants have alleged that Counter-

7    Defendants have violated the Lanham Act, that is sufficient to state a claim under the "unfair"

8    prong of the UCL.

9         Further, contrary to Counter-Defendants (*see* Mot. at 20), Counter-Claimants have pled a

10   claim under the UCL's "fraudulent" prong.  The TACC does not allege that Counter-Defendants

11   made false or misleading representations to Counter-Claimants.  *See* Mot. at 20 (*citing  Capella*

12   *Photonics, Inc. v. Cisco Systems, Inc.*, -- F.Supp.3d --, 2014 WL 809768, at *11-*13 (2014))

13   (because defendant was not a member of the public it could not state a UCL counterclaim under

14   the "fraudulent" prong for misrepresentations made by plaintiff in connection with obtaining

15   patents and later suing defendant for infringement).  Instead, the TACC alleges that Counter-

16   Defendants have publicly misrepresented that they own and control the Marks, including in their

17   trademark registrations, which is a deceptive act addressed to the public at large, and which harms

18   Counter-Claimants by affecting their business and operations.

19   **V.    CONCLUSION**

20        For the foregoing reasons, Counter-Claimants SHCC and SHRI ask that this Court deny

21   Counter-Defendants' Motion to Dismiss the Third, Sixth, Eighth, Tenth, and Twelfth Causes of

22   Action of Counter-Claimants' Third Amended and Supplemental Counter-Complaint.  Should the

23   Court find that Counter-Claimants have not stated a claim as to one or more of these causes of

24   ///

25   ///

26   ///

27   ///

28   ///

COUNTER- CLAIMANTS' OPPOSITION TO
COUNTER-DEFTS' MOTION TO DISMISS
NO. 3:15-CV-01382-LB

1    action, Counter-Claimants ask that they be given an opportunity to amend the TACC.

2    Dated:  May 26, 2015                    Respectfully submitted,

3                                            ROPERS, MAJESKI, KOHN & BENTLEY

4                                            By: /s/ Enrique Marinez

5                                               TODD A. ROBERTS
                                                ENRIQUE MARINEZ
                                                NICOLE S. HEALY
6                                               Attorneys for Defendant/Counter-Claimant
                                                STRAW HAT RESTAURANTS, INC., Counter-
7                                               Claimant STRAW HAT COOPERATIVE
                                                CORPORATION, and Defendants JEFFREY
8                                               EASON, SAL LISTEK, DEBORAH MORRIS,
                                                CLARK RUPP, RANDY WISE, and
9                                               ALLEN STREGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City