PETER C. LAGARIAS (SBN 77091)
BRUCE NAPELL (SBN 115116)
LAGARIAS & NAPELL, L.L.P.
1629 Fifth Avenue
San Rafael, California 94901-1828
Telephone: (415) 460-0100
Facsimile:  (415) 460-1099

Attorneys for Plaintiffs and Cross-Defendants English
& Sons, Inc., Cole English, Donna English, Pizza
Pierates, LLC, Formatts Enterprise, LLC, Mehrok
Food, Inc., Mostafa Sehhat, Olga Sehhat, Straw Hat
IP Holdings, LLC, and SHCC Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGLISH & SONS, INC., a California Corporation, et al. | CASE NO.    3-15-CV-01382-LB |
| Plaintiffs, | NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION (FRCP, Rule 56) |
| v. | |
| STRAW HAT RESTAURANTS, INC., a California Corporation; et al. | |
| Defendants, | Action filed:  October 19, 2011 Removal filed: March 25, 2015 |
| | Date:  March 10, 2016 Time:  9:30 a.m. Courtroom C, 15th Floor Judge: Hon. Laurel Beeler |
| and related Counter-Complaint. | |

i

1

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ..................1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT.................................................................3

I.      FACTUAL BACKGROUND .........................................................................................4

     A.     The Parties.........................................................................................................4

     B.     Factual Background ..........................................................................................5

          1.     Facts Relating to Rebates .....................................................................5

          2.     Facts Relating to the Membership of SHCC...............................................8

          3.     Facts Relating to SHCC's Ownership of the Trademarks ..........................9

     C.     Complaint Allegations and Prior Rulings Regarding Preliminary Injunction
          Obtained by Defendants Against Plaintiffs but Subsequently Dissolved .............10

II.     ARGUMENT ...............................................................................................................11

     A.     Standard for Granting Summary Adjudication ......................................................11

     B.     Partial Summary Judgment Should Be Granted on Plaintiffs' Sixth Cause
          of Action – By Declaring That Plaintiffs Were the Sole Remaining
          Members of SHCC as of January 2012..................................................................12

     C.     Partial Summary Judgment Should be Granted Denying Defendants'
          Seventeenth Cause of Action – By Declaring That that the Plaintiffs
          Elected a New Board of Directors of SHCC in 2012..............................................13

     D.     Partial Summary Judgment should be Granted on Plaintiffs' Fourth Cause
          of Action – By Finding That SHRI Converted Rebates Which Were
          SHCC's Property in 2009 and 2010......................................................................16

     E.     Partial Summary Judgment Should be Granted on Plaintiffs' Fifth Cause of
          Action – By Finding That SHRI Received Rebates Which Were SHCC's
          Property in 2009 and 2010 and Owes Those Amounts to SHCC ..........................20

     F.     Partial Summary Judgment Should be Granted on Plaintiffs' Seventh
          Cause of Action – Declaring That SHRI Has No Ownership Interest in the
          Straw Hat Trademarks............................................................................................21

          1.     SHCC's Ownership.......................................................................................22

III.    CONCLUSION ..........................................................................................................23

ii

1

## <u>TABLE OF AUTHORITIES</u>

2

### <u>CASES</u>

3

*American Bankers Mortg. Corp. v. Federal Home Loan Mortg. Corp.,*
4
    75 F.3d 1401 (9th Cir. 1996) ............................................................................ 16

5
*Avidor v. Sutter's Place, Inc.*
    212 Cal.App.4th 1439 (2013) .......................................................................... 20

6
*Celotex v. Catrett,*
7
    477 U.S. 317 (1986) ........................................................................................ 11

8
*Chamberlain v. Allstate Ins. Co.,*
    931 F.2d 1361 (9th Cir. 1991) ........................................................................ 11

9
*Ingrid & Isabel, LLC v. Baby Be Mine, LLC,*
10
    70 F.Supp.3d 1105 (N.D. Cal. 2014) .............................................................. 11

11
*Kim v. Westmoore Partners, Inc.,*
    201 Cal.App.4th 267 (2011) ....................................................................... 16, 17

12
*Ochoa v. McDonald's Corp.,*
13
    2015 WL 5654853 (N.D. Cal., 2015) .............................................................. 11

14
*Perez v. California Pacific Bank*
    2015 WL 5029452 (N.D. Cal., Aug. 25, 2015, 13-CV-03792-JD) ................. 12

15

16

### <u>STATUTES</u>

17
California Corp. Code § 305 ................................................................................. 13

18
California Corp. Code § 601 ................................................................................. 15

19
California Corp. Code § 2002 ............................................................................... 13

20
California Corp. Code § 2003 ........................................................................... 13, 15

21
California Corp. Code § 12200 ............................................................................. 17

22
California Corp. Code § 12201 ......................................................................... 17, 18

23
California Corp. Code § 12313 ......................................................................... 17, 19

24
California Corp. Code § 12331 ............................................................................. 17

25
California Corp. Code § 25401 ............................................................................. 22

26
California Corp. Code § 12430 ............................................................................. 13

27

28

1

California Corp. Code § 31000 ........................................................................................22

2

California Corp. Code § 31119 ........................................................................................22

3

California Corp. Code § 31200 ........................................................................................22

4

California Corp. Code § 31201 ........................................................................................22

5

**RULES**

6

Federal Rules of Civil Procedure, Rule 56 .......................................................................11

7

Federal Rules of Evidence, Rule 801…………………………………………………… 22

8

9

**OTHER AUTHORITIES**

10

60 Ops. Cal. Atty. Gen. 348 ............................................................................................18

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO ALL DEFENDANTS AND COUNTER-COMPLAINANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 10, 2016 at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom C of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Laurel Beeler, Plaintiffs and Counter-Defendants English & Sons, Inc., Cole English, Donna English, Pizza Pierates, LLC, Formatts Enterprise, LLC, Mehrok Food, Inc., Mostafa Sehhat, Olga Sehhat, Straw Hat IP Holdings, LLC, and Straw Hat Cooperative Corporation will, and hereby do, move the Court pursuant to Federal Rules of Civil Procedure Rule 56  for partial summary judgment as to the following issues and causes of action:

1.      Granting Plaintiffs' Sixth Cause of Action – and/or declaring that Plaintiffs were the sole remaining members of SHCC as of January 2012;

2.      Denying Defendants' Seventeenth Cause of Action – and/or declaring that that the Plaintiffs elected a new Board of Directors of SHCC in 2012;

3.      Granting Plaintiffs' Fourth Cause of Action – and/or finding that SHRI converted rebates which were SHCC's property in 2009 and 2010, in an amount to be determined; or, in the alternative, in a specific amount of not less than $750,085; or in the alternative,

4.      Granting Plaintiffs' Fifth Cause of Action – and/or finding that that the SHRI received rebates which were SHCC's property in 2009 and 2010 and owes those amounts to SHCC; and

4.      Granting Plaintiffs' Seventh Cause of Action – and/or declaring That SHRI

1

has no ownership interest in the Straw Hat Trademarks.

THIS MOTION IS MADE under Federal Rules of Civil Procedure, Rule 56, on the grounds that there is no genuine dispute as to any material fact regarding each of the above issues, and that Plaintiffs are therefore entitled to partial summary judgment thereon as a matter of law. This motion is based on this notice of motion and motion; the attached memorandum of points and authorities, the declarations of Cole English and Peter Lagarias, Esq., and evidence filed herewith, the pleadings, records, and papers on file in this action, and all other matters properly before this Court.

Dated: February 2, 2016                              LAGARIAS & NAPELL, LLP


                                                     /s/Bruce Napell_____
                                                     Bruce Napell, Esq.
                                                     Attorneys for Plaintiffs and Cross-
                                                     Defendants English & Sons, Inc., Cole
                                                     English, Donna English, Pizza Pierates, LLC,
                                                     Formatts Enterprise, LLC, Mehrok Food,
                                                     Inc., Mostafa Sehhat, Olga Sehhat, Straw Hat
                                                     IP Holdings, LLC, and SHCC Corporation

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

3

4

**INTRODUCTION**

5

6

7

8

9

10

11

12

13

14

15

16

17

    The individual Defendants, all of whom except for Allen Strege served simultaneously on the Boards of Directors of Straw Hat Cooperative Corporation ("SHCC") and Straw Hat Restaurants, Inc., ("SHRI"), and Defendant SHRI, engaged in improper actions which wrongfully dissipated the assets of SHCC. The misconduct alleged included the licensing of SHCC's Straw Hat trademarks to SHRI for an inadequate fee, SHRI overcharging SHCC for use of the employees and provision of services, and SHRI misappropriating the revenue from rebates paid for purchases of product by SHCC members. Ultimately, the misconduct culminated in a scheme to transfer the Straw Hat trademarks to SHRI for nothing, through a proposed dissolution of SHCC. Starting in late 2009, the Plaintiffs, all SHCC members, began to uncover and object to this scheme. Plaintiffs were put off, denied access to corporate documents, and mistreated. Cole English and Olga Sehhat were denigrated by the Defendants, and the Plaintiffs were eventually driven to file this action to stop the misappropriation of SHCC assets and the attempts to take its trademarks for no consideration.

18

19

20

    A relatively few, basic and undisputed facts establish key issues and resolve several causes of action. This Motion requests partial summary judgment of the issues and causes of action set forth below, based on the following core facts:

21

    1. That as of January, 2012, the Plaintiffs were the only members of SHCC;

22

    2. That the Plaintiffs elected a new Board of Directors of SHCC by May, 2012;

23

24

25

    3. That in 2009 and 2010, defendant SHRI, and the individual director defendants, took or converted rebates belonging to SHCC in an amount to be determined; or, in the alternative, in a specific amount of not less than $750,085; and

26

    4. That SHRI has no ownership interest in the Straw Hat trademarks.

27

28

## I.      Factual Background

### A.      The Parties

Plaintiff Straw Hat Cooperative Corporation is a non-profit California consumer cooperative corporation whose members operate Straw Hat pizza restaurants pursuant to written membership agreements. Plaintiff and Counter-Defendant English & Sons, Inc., is a member of SHCC which operates two Straw Hat pizza restaurants in Williams and Yuba City, California. English & Sons is owned by Counter-Defendants Cole English and Donna English.  Plaintiff and Counter-Defendant Formatts Enterprise, LLC, is a member of SHCC which operates a Straw Hat pizza restaurant in Redmond, Oregon. Plaintiff and Counter-Defendant Mehrok Food, Inc., is a member of SHCC which operated a Straw Hat pizza restaurant in Stockton, California until 2015, when it closed pending relocation. Plaintiff and Counter-Defendant Pizza Pierates, LLC, is a member of SHCC which operated a Straw Hat pizza restaurant in Discovery Bay, California until 2013. Plaintiffs and Counter-Defendants Mostafa Sehhat and Olga Sehhat (husband and wife) are members of SHCC who operate a Straw Hat pizza restaurant Rancho Cordova, California. Counter-Defendant Straw Hat IP Holdings, LLC, ("SHIP") is a California limited liability company formed and owned by English & Sons, Inc., Pizza Pierates, LLC, Formatts Enterprise, LLC, Mehrok Food, Inc. and Mostafa Sehhat and Olga Sehhat

Defendant and Counter-Complainant Straw Hat Restaurants, Inc., is a for profit California corporation, originally formed by SHCC, which offers Straw Hat pizza franchises.

Defendant Jeffrey Eason is a former member and director of SHCC who converted his Straw Hat pizza restaurant in Barstow, California to an SHRI franchise in 2011.  Until 2011, Eason was a member of SHRI's board of directors. Defendant Sal Listek is a former member and director of SHCC who converted his Straw Hat pizza restaurants in Antioch and Brentwood, California, to SHRI franchises in 2011. Listek is a member of SHRI's board of directors. Defendant Deborah Morris is a former member and director of SHCC who converted her restaurant in Long Beach, California to an SHRI franchise in 2011.  Morris is a member of SHRI's board of directors. Defendant Clark Rupp is a former member and director of SHCC who converted his Straw Hat pizza restaurant in Natomas, California to an SHRI franchise in 2011.  Until 2011, Rupp was a

1   member of SHRI's board of directors. Defendant Allen Strege was employed by SHRI at all

2   relevant times in this matter. Strege became President of SHRI in December, 2011, but apparently

3   resigned in 2015. Strege was formerly an employee and later the President of SHCC, but no

4   longer holds those positions. Defendant Randal Wise is a former member and director of SHCC

5   who converted his restaurant in Santa Maria, California to an SHRI franchise in 2011. Wise is a

6   member of SHRI's board of directors.

### B.   Factual Background

8       Prior to 2008 all Straw Hat Pizza restaurants were operated by members of SHCC, a not

9   for profit California consumer cooperative. Third Amended Complaint ("TAC") p. 2:25-26; Third

10  Amended Counter-Complaint ("TACC") p. 4:12-13; Exhibit I, SHCC Articles of Incorporation,

11  attached to the Declaration of Peter C. Lagarias, Esq., in Support of Motion ("Peter Lagarias

12  Dec."). SHCC was the successor to a now defunct Straw Hat Franchising Company, Inc., the

13  former franchisor of the Straw Hat Pizza system. In 1981, when the Straw Hat system was

14  purchased by Pizza Hut, SHCC received ownership of the Straw Hat Pizza intellectual property,

15  including trademarks, copyrights, and proprietary information. Exhibit HH, Depo. Randal Wise,

16  attached to Peter Lagarias Dec., pp. 10:8 – 12:10. SHCC licensed its members to operate Straw

17  Hat restaurants pursuant to the terms of a membership agreement. Each membership agreement

18  also represented a single ownership share of SHCC. Exhibit A, Bylaws, attached to Declaration of

19  Cole English in Support of Motion ("Cole English Dec."), Art. II, Sec. 1.

20      In 2006, SHCC formed SHRI as a for profit corporation as a vehicle for expanding the

21  Straw Hat brand outside the coop model, through franchising. TACC p. 5:14-15. In 2008, the

22  members of SHCC were offered stock in SHRI for $0.10 a share. Cole English Dec., p. 3:16 - 18.

23  Between 2008 and 2012, the same people made up all, or a majority, of SHCC's and SHRI's

24  boards of directors. These individuals included Defendants Jeffrey Eason, Sal Listek, Deborah

25  Morris,  Clark Rupp, and Randal Wise. Depo. Allen Strege, p. 181:11-23; Exhibit CC, pp.

26  STRAW 3811, 3814-5.

27          1.   Facts Relating to Rebates

28      SHCC historically entered into agreements with vendors who provided approved or

5

1   proprietary goods and products to its members' Straw Hat restaurants. Pursuant to these

2   agreements the vendors each paid SHCC a rebate based on the members' total monthly purchases

3   from the vendor. In 2008, SHCC had agreements with, and received rebate payments from,

4   among others, Saputo Cheese, Foster Farms, Heinz, Cargill, and Ventura Foods. PMK Deposition

5   of SHRI - Allen Strege ("Depo. PMK"), attached as Exhibit II to the Peter Lagarias Dec., pp. 6:13

6   – 17:2. In 2008, the last year during which all the operating Straw Hat restaurants were owned by

7   SHCC members, SHCC received $139,076 in rebates from such suppliers. SHRI received no

8   vendor rebate income in 2008. Exhibit D, SHCC and SHRI Combined and Consolidated

9   Financial Statements for Years Ended December 31, 2009 and 2008, attached to Cole English

10   Dec., p. 17; Depo. PMK, pp. 6:13 – 17:2.

11       The SHCC Bylaws, as amended in 2008, provide that "[r]ebates normally received by the

12   Corporation shall continue to be received by the Corporation regardless of whether they are for

13   Corporation restaurants or Franchise restaurants." Exhibit A, Bylaws, Art. VII, Sec. 5. Despite

14   this bylaw, at the direction of Jonathan Fornaci Allen Strege changed the existing vendor rebate

15   agreements with SHCC, and entered into agreements with additional vendors, which called for

16   payment of the rebates to SHRI. At that time, Fornaci was the President of both SHCC and SHRI.

17   Depo. PMK, pp. 9:9 – 10:25; 50:15 – 51:13. The Board of SHCC never approved the redirection

18   of rebate payments to SHRI. Exhibit FF, Depo. Sal Listek, attached to Peter Lagarias Dec., pp.

19   110:11 – 113:6; Exhibit HH, Depo. Randall Wise, attached to Peter Lagarias Dec., pp. 42:5 – 15,

20   147:18 – 148:16; Exhibit JJ, Depo.  Deborah Morris, pp. 47:7 – 11, 50:15 – 51:13; Depo. PMK p.

21   11:20 - 23.

22       In 2009, SHRI received $359,060 in rebate income, and SHCC received $0. Exhibit D, pp.

23   15 and 17. In 2009, there were two SHRI franchise restaurants and approximately 50 SHCC

24   members' restaurants operating. Exhibit T, list of SHCC members as of December 31, 2009,

25   attached to SHRI's 2010 Franchise Disclosure Document ("FDD"), attached to Peter Lagarias

26   Dec.; Exhibit S, SHRI's Responses to Plaintiffs' Requests for Admissions, Set One, ("RFA"),

27   attached to Peter Lagarias Dec., Response 8. At least 90% of the 2009 rebate income was

28   attributable to purchases by SHCC members. RFA, Response 18.

In 2010 SHRI received $391,025 in rebate income, and SHCC received none of the rebate income. Exhibit BB at p. 5, SHRI 2011 – 2010 Financial Statements, attached to Peter Lagarias Dec., p. 5; Depo. Allen Strege, pp. 104:21 – 105:7. In 2010, there were seven or fewer SHRI franchise restaurants and forty-one or more SHCC member restaurants operating. Exhibit U, list of SHCC members as of December 31, 2010, attached to Peter Lagarias Dec.; Exhibit S, RFA, Responses 9 and 10. At least 80% of the 2010 rebate income was attributable to purchases by SHCC members. RFA, Response 19.

Until at least 2012, SHCC and SHRI were managed by the same people. Fornaci was the President of both companies; Lisa Stefani was in charge of finance and accounting; the boards were predominantly overlapping. Depo. Deborah Morris, p. 45:10 – 19;  Depo. Allen Strege, pp 30:13 – 31:16; Depo. PMK, p. 31:16 – 22. Exhibit BB, p. 8; Exhibit CC, 2012 FDD Item 1, attached to Peter Lagarias Dec., p. STRAW 3811.   Between 2008 and 2011, the financial statements of SHCC and SHRI were consolidated and their audits were combined. Depo. PMK, pp. 33:3 – 35:4.

Plaintiffs, including Cole English and Olga Sehhat, began questioning the activities of the Board of Directors of SHCC in late 2010 and onward. Cole English Dec., p. 3:15 – 4:1; Depo. Sal Listek, pp. 99:14 – 100:22. Plaintiffs sought but did not receive all records of SHCC. Cole English Dec., p. 3:24 - 26. Olga Sehhat was removed by Defendants as an alternate member of the Board of Directors of SHCC, and Cole and Donna English were not allowed to attend an annual meeting of SHCC members in 2010. Cole English Dec., p. 4:2 - 4; Depo. Sal Listek, pp. 94:16 – 95:20. Plaintiffs made requests to the Board of Directors regarding various issues. One of the members of the Board of Directors, Sal Listek, agreed that rebates from purchase of products by SHCC members should not be paid to SHRI, and presented that request to the Board of Directors of SHCC. Depo., Sal Listek, p. 110:11 – 113:6; Depo. Sal Listek Vol.  2, attached to Peter Lagarias Dec. as Exhibit GG, pp. 6:20 – 7:20;  Exhibit Z, Listek e-mails, attached to Peter Lagarias Dec., p. 4 of 5.  The Board of SHCC failed to take action on this request twice, and rebates based on purchases of SHCC members continued to be treated as SHRI's revenue. Depo. Sal Listek, pp. 110:11 – 113:6, Exhibit Z, p 4 of 5.

2.        Facts Relating to the Membership of SHCC

In June, 2011, a majority of SHCC's members voted to accept a proposal put forward by the then Board of Directors seeking authorization to dissolve SHCC and transfer its trademarks and intellectual property to SHRI. TACC, p. 14:6 - 28; Exhibit L, Dissolution Ballot, attached to Peter Lagarias Dec.   The proposal also included offering incentives for SHCC members to convert their coop restaurants to franchises – a reduction in fees from 2.75% to 1.75% of gross sales and 7,500 shares each of SHRI stock. Exhibit L, TACC, p 14:6 – 25.

Before and after the vote to dissolve, the Defendants and Jonathan Fornaci, the former President of SHCC and SHRI, and a former defendant in this action, encouraged SHCC coop members to convert to SHRI franchisees. Cole English Dec., p. 4:19 - 26 and attached Exhibit E, correspondence from Jonathan Fornaci. The Defendants did not, however, file a Certificate of Election to Windup and Dissolve with the California Secretary of State as required by Corporations Code § 1901. Depo. Allen Strege, pp. 21:9 – 22:12. Nor did the Defendants take any other steps to initiate SHCC's dissolution, or enter into an agreement with SHRI regarding the sale of assets. Exhibit S, RFA Response 16; Depo. Allen Strege pp. 21:9-19 and  198:5-17; Depo. Randal Wise, p. 53:22 – 24. The Defendants even failed to determine the value of the Straw Hat trademarks, either for SHCC or SHRI. Depo. Allen Strege, pp. 198:19 – 199:11. Depo. Sal Listek, p. 39:11-14.

By October 2011, thirty-four cooperative members had signed SHRI franchise agreements, and were operating their restaurants as franchises. RFA, Response 1; Exhibit X, List of Official Conversion Dates, attached to Peter Lagarias Dec.; Depo. Allen Strege, pp. 65:7 – 67:1; Exhibit V, list of SHCC members as of December 31, 2011,  attached to Peter Lagarias Dec. Only the Plaintiffs did not sign franchise agreements in 2011 but continued to operate their six restaurants as members of the SHCC cooperative in 2011 and 2012. RFA Responses 1 and 2; Cole English Dec., p. 4:27 – 5:2; Depo. Allen Strege, pp. 13:22 – 16:20.  Following conversion to franchise agreements, the former Board members and other converters paid royalties only to SHRI instead of paying assessments to SHCC. Depo. Allen Strege, , pp. 13:22 – 16:20, and p. 45:4 – 9; Depo. Randal Wise, pp. 87:25- 88:20.

SHCC's Bylaws provide that members converting to franchises are no longer members of SHCC: "A Member may sell, transfer or convert a restaurant into a Franchise.  If the Member chooses to convert the store into a Franchise, then such action will cause that Member to lose that share of the Corporation [SHCC] associated with that restaurant."  Exhibit A, Bylaws, p. 13.

In January 2012, acting without a meeting, and in May 2012 at a noticed meeting, Plaintiffs, as the sole remaining members of SHCC, unanimously elected Cole English, Nick Harrison, Randy Matthews, Gary Mehrok and Olga Sehhat as the Directors in place of the individual defendants. Cole English Dec., p. 5:18 - 23; Exhibit F, January 25, 2012 ballot; Exhibit G, notice of May 17, 2012 members meeting; Exhibit H, minutes of May 17, 2012 meeting, all attached to Cole English Dec.

3.       Facts Relating to SHCC's Ownership of the Trademarks

In 1981, when Pizza Hut purchased Straw Hat's franchisor, some of the then franchisees formed SHCC, which received the Straw Hat trademarks. Depo. Randal Wise, p. 10:8 – 25; Exhibit B, Confidential Private Placement Memorandum, Straw Hat Restaurants, Inc., attached to Cole English Dec., p. 5. SHCC owned the trademarks thereafter, and SHRI acknowledged in its FDDs and elsewhere that SHCC was the owner of the Straw Hat trademarks. Exhibit CC, p. STRAW 3811.

 In the middle of this litigation, SHRI produced for the first time a purported license agreement between SHCC and SHRI, executed for both parties by Jonathan Fornaci and dated October 27, 2008. The agreement was attached as Exhibit A to the Declaration of Allen Strege in Support of Reply, attached as Exhibit N to Peter Lagarias Dec. This license agreement recites that SHCC "is the sole and exclusive owner of a restaurant system…referred to as Straw Hat Restaurants, together with the trademarks and goodwill ("Trademarks") connected therewith…." Exhibit O, License Agreement at p. 1.  While Plaintiffs dispute the validity of the license, the statement in the document that SHCC owns the trademarks is a clear admission. Following the

May 2011 dissolution vote, SHRI never entered into an agreement to purchase the trademarks from SHCC, nor were there negotiations between the companies regarding the terms of such a purchase. Depo. PMK, p. 49:2 - 18; Exhibit S, RFA Response 16. Indeed, beginning in 2012, SHRI made no payments to SHCC. Depo. PMK, pp 39:12 – 15, 49:14 – 18.

### C.   Complaint Allegations and Prior Rulings Regarding Preliminary Injunction Obtained by Defendants Against Plaintiffs but Subsequently Dissolved

Plaintiffs' TAC contains seven causes of action, for breach of fiduciary duties; inspection of SHCC's corporate records; inspection of SHRI's records; conversion; money had and received; declaratory relief (regarding Plaintiffs' status and actions as the remaining members of SHCC); and trademark infringement.

Defendants' TACC contains twenty-three causes of action: One (the 1st), against Cole English individually; six against Cole and Donna English only (the 5th, 7th, 9th, 11th, 13th and 15th), relating to their operation of a third Straw Hat restaurant; and one (the 20th), for declaratory relief that  Nick Harrison and Pizza Pierates, LLC are not eligible for SHCC membership.  The remaining causes of action are against all the individual Plaintiffs: One (the 2d), aiding and abetting breach of fiduciary duty; two (the 3d and 4th), for breaches of their SHCC membership agreements; two (the 12th and 14th), for unfair competition and unjust enrichment; three (the 6th, 8th and 10th), trademark claims; four (the 16th, 17th, 18th and 19th) for declaratory relief; and three (the 21st, 22d and 23d) for relief from alleged harms from Plaintiffs' claim of ownership of the Straw Hat trademarks.

Early in the state court litigation in this action, defendants obtained a preliminary injunction prohibiting plaintiffs from taking any action as the Board of Directors of SHCC. The basis for that injunction was the finding by Judge Austin that Plaintiffs were not the only remaining SHCC members. Exhibit M, Notice of Entry of Order Granting Preliminary Injunction, attached to Peter Lagarias Dec., (p. 1 of attached tentative ruling). Judge Austin's finding was based solely on testimony in a Reply Declaration by Allan Strege, in which he stated for the first time that in June of 2012, SHCC had 37 members. Exhibit N (stating at p. 5:9 – 10 that

"[c]urrently, there are 37 SHCC members.") After deposing Mr. Strege and obtaining other evidence, Plaintiffs successfully moved to dissolve the preliminary injunction based on evidence that 31 former members of SHCC had converted to SHRI franchises and were no longer members of SHCC, and that the Plaintiffs were the six remaining members. The Superior Court agreed with Plaintiffs and dissolved the preliminary injunction finding "Plaintiffs introduced new material facts supporting their contention that only six SHCC members remained when the May 17, 2012 meeting took place. Therefore, Defendants are not likely to prevail on their claim that the actions taken at the May 17, 2012 meeting  are invalid." Exhibit Q, Notice Of Ruling And Ruling On Order Dissolving Preliminary Injunction, attached to Peter Lagarias Dec. (p. 1 of attached tentative ruling).

## II.    ARGUMENT

### A.    Standard for Granting Summary Adjudication

FRCP Rule 56 authorizes "the Court to grant what is sometimes called partial summary judgment to dispose of less than the entire case and even just portions of a claim or defense." *Ochoa v. McDonald's Corp*., 2015 WL 5654853, at *2 (N.D. Cal., 2015). The purpose of partial summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 70 F.Supp.3d 1105, 1118 (N.D. Cal. 2014) (citing *Celotex v. Catrett,* 477 U.S. 317, 323–24 (1986)). Rule 56 also "emphasizes" that the Court "'shall' issue summary judgment when warranted by the facts and the law." *Id*.:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

> Fed. Rules Civ.Proc., Rule 56(a).

Claims for declaratory relief may be resolved by summary judgment. *See, e.g., Chamberlain v. Allstate Ins. Co*., 931 F.2d 1361 (9th Cir. 1991).

1       The moving party must initially, make a showing that the undisputed facts establish the

2   absence of evidence to support the non-moving party's case or defense. The non-moving party

3   then has the "burden to go beyond the pleadings and identify specific facts that show a genuine

4   issue for trial." *Perez v. California Pacific Bank* 2015 WL 5029452, at *2 (N.D. Cal., Aug. 25,

5   2015, 13-CV-03792-JD).

6       **B.**    **<u>Partial Summary Judgment Should Be Granted on Plaintiffs' Sixth Cause of</u>**

7   **<u>Action – By Declaring That Plaintiffs Were the Sole Remaining Members of</u>**
    **<u>SHCC as of January 2012</u>**

8       The undisputed facts compel the conclusion that by January of 2012, the six Plaintiffs

9   were the sole remaining members of SHCC. The undisputed facts are as follows:

10      Pursuant to SHCC's Bylaws, the requirements for membership are a membership

11  agreement and ownership of an open and operating Straw Hat Pizza restaurant. See Exhibit A,

12  Bylaws, Art. 1, §§ 1 and 4; TACC ¶¶ 31, 37 and 38. The Bylaws state that there is "a separate

13  Membership for each restaurant." Exhibit A, Bylaws, Art. II, Sec. 1. In June of 2011, there were

14  forty-two SHCC members. Exhibit W, SHCC's count of ballots, attached to Peter Lagarias Dec.

15  Between June and the end of September, two members, with Straw Hat restaurants in Carson

16  City, Nevada and Barstow, California, closed their restaurants, resigning their memberships in

17  SHCC. Exhibit V. Of the remaining forty members, thirty-four signed franchise agreements with

18  SHRI and converted their restaurants to Straw Hat Pizza franchises. Exhibit X, SHCC conversion

19  list for 1.75% royalty, attached to Peter Lagarias Dec.; Exhibit S, RFA, Responses 1 and 2. As

20  consideration for entering into franchise agreements with SHRI, the members who converted to

21  franchisees received a reduction in their assessment/royalty rate from 2.75% to 1.75% of gross

22  sales and 7,500 shares of SHRI. Exhibit X; Exhibit Y, minutes of December 7, 2011 SHRI board

23  meeting, attached to Peter Lagarias Dec. Depo. Sal Listek, pp. 36:3 – 37:1. The six Plaintiffs did

24  not sign franchise agreements or convert their restaurants to franchises.

25      The SHCC Bylaws establish both the right to and the consequences of converting a Coop

26  restaurant into a franchise restaurant:

27        <u>Sale or Conversion of Existing Restaurants</u>.  A Member may sell, transfer or
      convert a restaurant into a Franchise. If the Member chooses to convert the

28

1
2

> store into a Franchise, then such action will cause that Member to lose that
> share of the Corporation associated with that restaurant.
> Exhibit A, Bylaws, Article VII, Section 3.

3
4

Thus, by becoming SHRI franchisees, the thirty-four resigned their SHCC memberships, and lost their membership shares.

5
6
7
8
9
10
11

A member of a consumer cooperative corporation has a statutory right to resign at any time. Corp. Code § 12430(a). Under SHCC's Bylaws, Article VII, Section 3, a member can resign by converting to an SHRI franchisee. Moreover, following their execution of franchise agreements and conversion to franchises, the former SHCC members stopped paying assessments to SHCC, as had been required by their membership agreements, and began paying assessments/royalties to SHRI pursuant to the terms of their franchise agreements. Depo. Allen Strege, pp. 13:22 – 16:20.

12
13
14
15
16

The undisputed facts are that by January 1, 2012 only the six Plaintiffs had neither closed their Straw Hat restaurants nor voluntarily resigned their SHCC memberships by signing SHRI franchise agreements and converting their restaurants to SHRI franchises. Thus, the Court should grant partial summary judgment on the Sixth Cause of Action and declare that by January 1, 2012, the Plaintiffs were the only remaining members of SHCC.

17
18

**C.** **Partial Summary Judgment Should be Granted Denying Defendants' Seventeenth Cause of Action – By Declaring That that the Plaintiffs Elected a New Board of Directors of SHCC in 2012**

19
20
21
22
23
24
25
26

This court has the authority to determine the composition of SHCC's board of directors: "When the identity of the directors or their right to hold office is in doubt, or if they are dead or unable to act, or they fail or refuse to act or their whereabouts cannot be ascertained, any interested person may petition the superior court of the proper county to determine the identity of the directors" Corp. Code, § 2003. The TACC's Seventeenth Cause of Action seeks a declaration concerning the members of the board of directors. The undisputed facts establish that in May 2012 the Plaintiffs elected Cole English, Nick Harrison, Randy Matthews, Gary Mehrok and Olga Sehhat to SHCC's board of directors.

27
28

"A vacancy on the board may be filled during a winding up proceeding in the manner provided in Section 305." Corp. Code § 2002. Corporations Code § 305 provides that the

13

directors may fill a board vacancy, except one due to removal of the director, unless the articles or bylaws provide otherwise. It further provides that "[t]he shareholders may elect a director at any time to fill any vacancy not filled by the directors." SHCC's Bylaws mirror this statute, and include this same provision. Exhibit A, Bylaws, Art. III, Sec. 4.

The undisputed facts are as follows:

Pursuant to SHCC's Bylaws, Members who convert their Straw Hat restaurants to SHRI franchised restaurants lose the SHCC membership associated with that restaurant.  Art. VII, Sec. 3.

By January, 2012 all the members of SHCC except the Plaintiffs had converted their restaurants to SHRI franchises, and stopped paying assessments to SHCC. See facts set out in Section II.B, above. Plaintiffs did not convert their restaurants to SHRI franchises, and continued to pay assessments to SHCC through May, 2012.  Dec. Cole English, pp. 4:27 – 5:6.

Pursuant to the SHCC Bylaws:  There is a separate membership for each restaurant, and each membership has the right to vote "for the election of directors." Bylaws, Art. II, Secs. 1 and 3. The authorized number of Directors is five. Of the five, four must be members of SHCC. Exhibit A, Bylaws, Art. III, Secs. 2 and 1. A majority of the voting power constitutes a quorum of a membership meeting.  Exhibit A, Bylaws, Art. II, Sec. 11.

The Bylaws provide that "[a]ny action which may be taken at a regular or special meeting of Members may be taken without a meeting by written ballot."  The approving ballot under this section is valid when the number of votes cast constitutes a quorum, and the number of votes for approval equals or exceeds the number of votes which would be required to pass the same resolution at a meeting. Exhibit A, Bylaws, Art. II, Sec. 15.

In January, 2012, the six members unanimously approved a ballot which contained these two measures:

> 1. To [sic] replacement of the prior Board of Directors who are no longer members of the Straw Hat Cooperative Corporation; and
> 2. To [sic] election as new directors the following who are nominees: Cole English, Nick Harrison, Randy Matthews, Gary Mehrok and Olga Sehhat.
> Dec. Cole English, p. 5:18 - 23; Ex F.

The Bylaws further permit members "owning not less than five percent (5%) of the

14

Memberships" to call a special meeting of the members by making a written request to "the Chairman of the Board, the President, any Vice-President, or Secretary." Exhibit A, Bylaws, Art. II, Sec. 9.

All six Plaintiffs attended an SHCC membership meeting on May 17, 2012. Cole English Dec. pp. 5:27 – 6:1; Exhibit H, Minutes of May 17, 2012 meeting. The meeting was properly noticed, as pursuant to the Bylaws notice was given to SHCC and to all the members. Cole English Dec., p. 5:23 - 26; Exhibit P, Declaration of Allen Strege in Support of Ex Parte Application for Temporary Restraining Order, attached to Peter Lagarias Dec., p. 4:4 – 6. Actions taken at a shareholders' meeting:

> [A]re as valid as though had at a meeting duly held after regular call and notice, if a quorum is present either in person or by proxy, and if, either before or after the meeting, each of the persons entitled to vote, not present in person or by proxy, provides a waiver of notice or consent to the holding of the meeting or an approval of the minutes thereof in writing... Attendance of a person at a meeting shall constitute a waiver of notice of and presence at the meeting, except when the person objects, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened….

California Corp. Code § 601(e).

Since all the members (the Plaintiffs) were present, and none objected, no written waiver of a member not in attendance was necessary. The meeting was properly held, and the members' actions were valid.

At that meeting the Plaintiffs voted to remove the then current members of the Board, and to elect new Directors: Cole English, Nick Harrison, Randy Matthews, Gary Mehrok and Olga Sehhat.  Cole English Dec., p. 6;1 - 4; Exhibit H.

Given the above undisputed facts, as of January 1, 2012 Plaintiffs were the only members of SHCC. Only members have a right to vote in Director elections. Since all the members were present, there was a quorum.  Since the members elected five Directors, the full number permitted under the Bylaws, Cole English, Nick Harrison, Randy Matthews, Gary Mehrok and Olga Sehhat became the Directors. The former Board members were removed and replaced as of either January 25 or May 17, 2012. Pursuant to Corporations Code § 2003, the court should summarily

1   adjudicate the TACC's Seventeenth Cause of Action and declare that as of not later than May 17,

2   2012 the members of SHCC's Board of Directors were, and now are, Cole English, Nick

3   Harrison, Randy Matthews, Gary Mehrok and Olga Sehhat.

**D.   Partial Summary Judgment should be Granted on Plaintiffs' Fourth Cause of Action – By Finding That SHRI Converted Rebates Which Were SHCC's Property in 2009 and 2010**

Under California law, the elements of conversion are "(1) plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages." *American Bankers Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 75 F.3d 1401, 1411 (9th Cir. 1996) (citation omitted). A claim for "conversion of money can be stated only where a defendant interferes with the plaintiff's possessory interest in a specific, identifiable sum, such as when a trustee or agent misappropriates the money entrusted to him." *Kim v. Westmoore Partners, Inc.*, 201 Cal.App.4th 267, 284 (2011).

The following undisputed facts establish all the elements of conversion: Prior to 2009 SHCC had contracts with vendors to the Straw Hat system pursuant to which the vendors paid SHCC a rebate based on the amount of purchases by SHCC's members. Depo. Allen Strege PMK, pp. 7:22 – 8:22 . In 2008 vendors paid SHCC rebates totaling $139,076. Exhibit D, 2009 and 2008 Consolidated Financial Statements, p. 17. The SHCC Bylaws provide that rebates "normally received" by SHCC "shall continue to be received" by SHCC. Nonetheless, in violation of this bylaw, ***and without the approval of SHCC's board of directors***, Allen Strege, an employee of SHRI, "remade" the vendor contracts and in 2009 and 2010 all rebates paid by vendors to the Straw Hat system were taken by SHRI. Depo. PMK, p. 9:9 – 10 and 12:15 – 19. Although in 2009 90%, of the rebates, and in 2010 80%, of the rebates, were attributable to purchases by SHCC members, SHCC received no rebate income in either year. Exhibit S, RFA,

16

Responses 18 and 19; Exhibit D, p. 15; Exhibit DD, SHCC 2010 Profit & Loss Statement, attached to Peter Lagarias Dec. Similar to the situations described in *Kim v. Westmoore Partners, Inc., supra,* 201 Cal.App.4[th] at 284, SHRI received rebate payments as the agent for SHCC, and retained them for its own use. SHRI cannot contend that the rebates were retained as payment for services under the License Agreement, since the income related to those charges is shown as a separate line item  ("Administrative and marketing assessments") in the SHRI income statements (and both amounts are included separately in gross income), and because SHCC is never credited with rebate income on its income statements. The amount of rebates converted in 2009 and 2010 is not less than $750,085.[1]

This result is further mandated by the California Cooperative Corporation Law, Corp. Code §§ 12200, *et* seq., which states that a cooperative corporation:

> [S]hall be organized and shall conduct its business primarily for the mutual benefit of its members as patrons of the corporation. The earnings, savings, or benefits of the corporation shall be used for the general welfare of the members or shall be proportionately and equitably distributed to some or all of its members or its patrons, based upon their patronage....

> Such corporations are democratically controlled and are not organized to make a profit for themselves, as such, or for their members, as such, but primarily for their members as patrons.

California Corporations Code, § 12201

"The bylaws may contain any provision, not in conflict with law or the articles, for the management of the activities and for the conduct of the affairs of the corporation, including, but not limited to: (1) Any provision referred to in subdivision (c) of § 12313." Corp. Code § 12331.[2]

---

[1]  $359,060 + $391,025 = $750,085.

[2]  Section 12313(c) provides, in part: "The articles of incorporation may set forth any or all of the following provisions:

*        *        *

17

A corporation's authority to take certain actions may be constrained by provisions in the articles or bylaws. 60 Ops. Cal. Atty. Gen. 348.

SHCC and SHRI are separate entities; they differ in their legal structures and in the nature of their relationships with and obligations to their owners. SHCC is a cooperative corporation, which is required to conduct business "primarily for the mutual benefit of its members." California Corporations Code § 12201. Its membership is limited to operators of Straw Hat restaurants (its owners, or patrons). Exhibit A, Bylaws Art. II, Sec. 1. SHRI in contrast is a for profit corporation, owned by shareholders who need not be Straw Hat restaurant operators. SHRI is not democratically controlled. SHRI operates a franchise system for the benefit of its shareholders, not for the benefit of its franchisee restaurant operators.

Jonathan Fornaci was the president of SHCC and SHRI. Depo. PMK, p. 13:7 - 13. He was a shareholder of SHRI, but neither a member of SHCC nor a Straw Hat restaurant owner. Cole English Dec., p. 3:20 – 21. In violation of the SHCC Bylaws, and without the SHCC board's approval, he directed that rebates which were earned and paid because of SHCC members' purchases, i.e., which prior to 2009 had been "normally received" by SHCC, be paid to and retained by SHRI. Depo. PMK, pp. 10:4 – 25, 12:7 - 19.  Fornaci's action were in excess of his power as president of SHCC; it violated both the specific, democratically adopted bylaw provision that all rebates continue to be received by SHCC, and the Cooperative Corporation statute which requires the corporation to be operated primarily for the benefit of its members. Instead, Fornaci and the board operated SHCC for the benefit of SHRI.

When Cole English learned of the diversion of SHCC rebates to SHRI, and of other misconduct by Fornaci and the joint Boards of Directors, he petitioned the Board of SHCC. Cole English Dec. p. 3:27 – 4:7; Depo. Randal Wise, pp. 82:19 – 83:12; Depo. Sal Listek, pp. 99:14 –

---

(4) Any other provision, not in conflict with law, for the management of the activities and for the conduct of the affairs of the corporation, including any provision which is required or permitted

100:22. Sal Listek, a member of the SHCC Board, agreed that SHCC's rebates were being improperly diverted to SHRI. Depo. Sal Listek pp. 110:11 – 113:6; Exhibit Z, Listek e-mails. Sal Listek presented this to the Board of SHCC twice, but he and the other Board members took no action either to stop the ongoing unauthorized diversion of SHCC rebates or to seek the return of the prior SHCC rebates taken by SHRI without permission. Depo. Sal Listek , pp. 110:11 – 113:6; Exhibit Z.

The rebates were specific, identifiable amounts which were the property of SHCC.  Each vendor sent checks for specific amounts on a regular basis, and SHRI staff kept records of the payments. Depo., Allen Strege, pp. 126:21 – 127:1; Exhibit K, rebate checklists, attached to Peter Lagarias Dec. SHRI's receipt and retention of those specific amounts was a wrongful disposition of SHCC's property. As the same staff handled finances for SHCC and SHRI, they received the rebate payments as SHCC's agents, and wrongfully assigned them to SHRI. Depo. Allen Strege, p. 130:2-5. SHCC was damaged by the conversion of the rebates. As one consequence of the misappropriation of income SHCC had net losses of $106,429 in 2009 and $99,581.80 in 2010 per the 2009 and 2010 financial statements. Exhibit D and Exhibit DD. Before the vote on the ballot for dissolution of SHCC in May of 2011, Jonathan Fornaci stated that SHCC had to dissolve as it was $300,000 in debt. Cole English Dec., p. 4:15 - 18. When Jonathan Fornaci and the individual Director Defendants were asked for financial statements establishing the basis of this debt, no documents were provided. Cole English Dec., p. 4:15 - 18.

Partial summary judgment should therefore be granted on the Plaintiffs' Fourth Cause of Action.  On the undisputed facts, that SHRI's receipt and retention of rebates was wrongful because it violated SHCC's Bylaws and because the vast majority of the rebate payments were attributable to SHCC members' purchases, the Court should determine that SHRI and the Director Defendants are liable to SHCC for conversion of the rebates.

by this part to be stated in the bylaws."  Corp. Code, § 12313.

1
2
3
4

Further, the Court can determine that SHRI and the Director Defendants are indebted to SHCC for conversion of rebates in the amount of not less than $750,085. However, at a minimum, the Court should find liability for conversion.

5
6

      **E.**     **Partial Summary Judgment Should be Granted on Plaintiffs' Fifth Cause of Action – By Finding That SHRI Received Rebates Which Were SHCC's Property in 2009 and 2010 and Owes Those Amounts to SHCC**

7
8
9
10
11
12
13
14
15
16
17
18

"A cause of action for money had and received is stated if it is alleged [that] the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff.  The claim is viable wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter." *Avidor v. Sutter's Place, Inc*. 212 Cal.App.4th 1439, 1454 (2013) (internal quotation marks and citations omitted). The claims of conversion and money had and received rest on similar premises, that a defendant has come into wrongful possession of the plaintiff's property.  If the Court does not grant summary judgment on the Fourth Cause of Action for Conversion, in the alternative, Plaintiffs' move for partial summary judgment on the Fifth Cause of Action for Money Had And Received.

19
20
21
22
23
24
25
26
27

The same undisputed facts presented in Section II.D., above, support granting partial summary judgment for money had and received:  Prior to 2009 SHCC received rebates from vendors based on Members' purchases from the vendors. SHCC's Bylaws provide that despite the development of a parallel franchise system under SHRI, rebates "normally received" by SHCC, whether due to Coop Member or franchisee purchases, remain the property of SHCC.  In violation of this bylaw, Fornaci (SHCC's president) directed SHRI to contract with vendors for payment of the rebates to SHRI, and SHRI received and retained all the rebate payments. SHCC's board never approved either the reworking of the vendor contracts, or the payment of

28

rebates to SHRI. However, when asked about the misappropriation the SHCC board took no remedial action. Sal Listek Depo., pp. 110:11 – 113:6; Exhibit Z, p. 4 of 5. In 2009 and 2010, the vast majority of the rebate amounts (90% and 80% respectively) were due to purchases by SHCC members.

SHCC's and SHRI's accounting was handled by the same staff, headed by Lisa Stefani under Fornaci's direction. Despite the bylaw and the great disparity between the sizes of the Coop and franchise systems, Fornaci and Stefani directed all the rebates to SHRI in 2009 and 2010. It is undisputed, due to the bylaw and the lack of board authorization, that Fornaci had no authority to direct the rebates to SHRI, that SHRI had no claim to the rebates, and that in equity and good conscience SHRI and the Director Defendants must be found liable to SHCC for rebates in the amount of not less than $750,085, or an amount the Court determines to be equitable.

**F.     Partial Summary Judgment Should be Granted on Plaintiffs' Seventh Cause of Action – Declaring That SHRI Has No Ownership Interest in the Straw Hat Trademarks**

There are seven federally registered trademarks associated with the Straw Hat system: "STRAW HAT PIZZA"; "STRAW HAT PIZZA" and triangle design; triangle design; "HOT HAT"; "STRAW HAT PIZZA EXPRESS"; MEAT-E-OR"; and "GENUINE CALIFORNIA PIZZA" and design. TAC; TACC, p.10:4-10.  Ownership of the Straw Hat trademarks is at issue in Plaintiffs' Seventh Cause of Action for Trademark Infringement, and in Counter-Complainants' Nineteenth Cause of Action for Declaratory Relief--Intellectual Property Ownership. Counter-Complainants allege that "SHCC and SHRI are the exclusive owners" of the Straw Hat trademarks. TACC, p. 10:4-10. The undisputed facts demonstrate that SHRI has never had any ownership interest in any of the Straw Hat trademarks, and partial summary judgment should be granted establishing that issue.

21

1          1.      SHCC's Ownership

2

3          It is undisputed that SHCC received ownership of three trademarks in 1981 ("STRAW

4    HAT PIZZA"; "STRAW HAT PIZZA" and triangle design; triangle design), and registered three

5    others ("STRAW HAT PIZZA EXPRESS"; MEAT-E-OR"; and "GENUINE CALIFORNIA

6    PIZZA" and design) before SHRI was incorporated in 2006.  It is undisputed that SHCC

7    registered the "HOT HAT" trademark in 2007 as the sole owner. Exhibit B, Offering Circular, pp.

8    5 and 11. See also Exhibit CC, p. STRAW 3811.

9

10         Between 2008 and 2012, SHRI issued numerous documents in which it was under a legal

11   obligation to be truthful.  These included annual Franchise Disclosure Documents ("FDD"), and

12   in 2008, a Confidential Private Placement Memorandum describing its $1,000,000 offering of

13   common stock. Exhibit B. The FDDs were registered each year with the California Department of

14   Corporations, pursuant to the provisions of the Franchise Investment Law. California

15   Corporations Code § 31000, *et seq.* Corporations Code §§ 31200 and 31201 make it unlawful to

16   make an "untrue statement of a material fact" in an application or report filed with the

17   Corporations Commissioner, or in any "any written or oral communication" in connection with

18   the sale of a franchise.  Pursuant to Corporations Code §  31119, SHRI was required to provide

19   each potential franchisee a copy of the registered FDD at least fourteen days before entering into

20   an agreement to sell that person a franchise. The securities law imposes similar obligations on the

21   Private Placement Memorandum.[3] The statements in the FDDs and the Private Placement

22   Memorandum, that SHRI was a mere licensee, not the owner of the trademarks, are not only true,

23   but admissions against interest by SHRI.  Federal Rules of Evidence, Rule 801(d)(2).

24

25

26   _____

27   [3]  "It is unlawful for any person to offer or sell a security in this state, or to buy or offer to buy a
     security in this state, by means of any written or oral communication that includes an untrue
     statement of a material fact or omits to state a material fact necessary to make the statements
28   made, in the light of the circumstances under which the statements were made, not misleading."
     California Corporations Code § 25401

22

It is further undisputed that SHRI never negotiated or entered into an agreement to purchase the Straw Hat trademarks from SHCC. Exhibit S, RFA, Request 16. The ballot proposal voted on by SHCC's members in May 2011 did not purport to be a self executing agreement which transferred  the trademarks to SHRI. Instead it "authorize[d] the Officers and Directors of SHCC" to dissolve SHCC, "including the disposal of certain assets" by "[t]ransferring all intellectual property rights of SHCC including ownership of all trademarks… to Straw Hat Restaurants, Inc., ("SHRI") in exchange for payment of debt or for fair value." The then directors of SHCC, Defendants Eason, Listek, Rupp, Morris and Wise, understood that SHCC, not SHRI owned the trademarks. As Sal Listek wrote to the other Board members: "SHRI does not own the trademarks it desperately needs to be a complete company, SHCC owns them." Exhibit Z, p. 3 of 5; Exhibit L.

It is undisputed that following the May 2011 vote, the Officers and Directors of SHCC did not dissolve SHCC or take any actions in furtherance of dissolution. They did not establish purchase price for the trademarks Depo. PMK, p. 49:2 - 18; Depo. Deborah Morris, pp. 44:24 – 45:13; Depo. Randall Wise pp. 55:17 – 22. SHRI did not enter into an agreement to purchase the trademarks from SHCC. Exhibit S, RFA, Request 16.

The evidence is undisputed that SHCC owned all the marks, and that no steps were ever taken to transfer them to SHRI. No price was negotiated or agreed on, no agreement of sale was ever entered into between them. Partial summary judgment should therefore be granted that SHRI has no ownership interest in the Straw Hat trademarks.

## III.   CONCLUSION

The undisputed evidence establishes that all the members of SHCC except the six Plaintiffs converted to SHRI franchisees and resigned their SHCC memberships in the summer of 2011. Plaintiffs are thus the sole remaining members of SHCC. As the sole members of SHCC,

1   Plaintiffs unanimously removed the old Board of Directors and elected five new Board members:

2   Cole English, Gary Mehrok, Nick Harrison, Randy Matthews and Olga Sehhat. The undisputed

3   evidence also  shows that SHRI has never been and is not the owner of the Straw Hat trademarks,

4   never entered into an agreement with SHCC to purchase the Straw Hat trademarks, and has not

5   even paid anything for the use of the trademarks for the past four years. The evidence further

6   establishes that SHRI, through the individual director defendants, misappropriated rebates

7   belonging to SHCC for products purchased by SHCC members. This undisputed evidence

8   mandates summary adjudication of these issues including on Plaintiffs' Fourth, Fifth, Sixth and

9   Seventh Causes of Action and Defendants' Seventeenth Cause of Action.

10

11   Dated: February 2, 2016                          LAGARIAS & NAPELL, LLP

12

13

14                                                       ___/s/Bruce Napell_____
                                                        Bruce Napell, Esq.
15                                                      Attorneys for Plaintiffs and Cross-
                                                        Defendants English & Sons, Inc., Cole
16                                                      English, Donna English, Pizza Pierates, LLC,
                                                        Formatts Enterprise, LLC, Mehrok Food,
17                                                      Inc., Mostafa Sehhat, Olga Sehhat, Straw Hat
                                                        IP Holdings, LLC, and SHCC Corporation
18

19

20

21

22

23

24

25

26

27   n:\active\straw hat co-op\draft sum jud 2016\mpa partial summ judgement.2-2-16.doc

28